## CEPEDA *v.* ANDINO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 94.—Resuelto en marzo 20, 1907.

RELACIÓN DE HECHOS—DOCUMENTOS QUE FORMAN PARTE DEL LEGAJO DE LA SENTENCIA.—Los documentos que forman parte del legajo de la sentencia no deben incluirse en la relación de hechos, la que debe contener solamente una relación sucinta y clara de toda la prueba practicada en el juicio.

APELACIÓN—NUEVO JUICIO.—En los casos en que el tribunal no pueda formar juicio para dictar una resolución definitiva y acertada, por hacerse necesario el esclarecimiento de determinados puntos de hecho, procede se devuelva el caso á la corte inferior con instrucciones de que proceda á la celebración de un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Sarmiento.*

Abogado del apelado: *Sr. Emigdio Ginorio.*

EL JUEZ ASOCIADO SR. FIGUERAS emitió la opinión del tribunal.

Don Adolfo Andino y Acosta en su escrito inicial presentado á la Corte de Distrito de San Juan en 21 de julio de 1902 manifestó que tenía necesidad de acreditar el dominio de dos parcelas de terreno, una, que en su pedimento marcó con la letra "A," cuya posesión está inscrita en el registro de la propiedad, y otra que marcó con la letra "B," cuya posesión parece que no está inscrita en dicho registro.

La que marcó con la letra "B" dice que es

"Un solar en el barrio de Santurce de esta ciudad, teniendo una cabida de 7,871 metros, colindante por el Norte, con terrenos de Félix Manso y de Belén Requena, al Sur, un solar de Saturnina Farabela, (parece que debe decir Zarzuela), Gregorio París y Bartolo Canales, al Este con la Sucesión Guil y al Oeste con un solar de Toribio Ceballos. Este solar se encuentra libre de gravámenes y lo hubo parte de Zoila y Antonio Buzó y parte de Juan Domínguez, y tiene un valor de cien dollars."

A la solicitud de Andino para acreditar el dominio, se opuso Amalio Cepeda Lanzó por escrito de nueve de enero de 1906, que dice así:

"*Hechos.*—Primero. Por escritura de 26 de agosto de 1902, inscrita al fólio 150 del tomo 49, finca 2,102, inscripción 2ª., Don Amalio Cepeda Lanzó adquirió de Daniel Matos Quiñones un predio rústico compuesto de una y media cuerda más ó menos, en el sitio denominado "Minillas," del barrio de Santurce, de esta ciudad, colindante por el Norte, con Doña Belén Requeña, por el Este, la Sucesión Guil, por el Oeste, Bartola Canales y Gregoria París, y por el Sur, Epifanio Cortijo.

"Segundo. Don Adolfo Andino Acosta solicita el dominio del terreno que señala con la letra "B" en su escrito de promoción y le asigna una cabida de 7,871 metros, colindando por el Norte, con Félix Manso y Bélén Requena, Sur, Saturnina Zarzuela, Gregoria París y Bartola Canales, Este, Sucesión Guil y Oeste, Toribio Ceballos.

"Bajo esta descripción se comprende la finca que tiene inscrita Don Amalio Cepeda y otros trozos más, contíguo al del Sr. Cepeda, que tiene el Sr. Andino y se describe junto con el del Sr. Cepeda y que es el que viene á colindar al Norte, con Félix Manso, Oeste, Toribio Ceballos, Sur, Bartola Canales y Este, con finca del Sr. Cepeda, á la que está unido.

"Tercero. La oposición formulada no comprende por consiguiente, el solar marcado con la letra "A" en el escrito de promoción, ni al trozo que se describe y que viene á cólindar al Norte, con Félix Manso, Oeste, Toribio Ceballos y que es' el que está unido al terreno del Sr. Cepeda, con el que colinda por el Este.

"Don Adolfo Andino no tiene terreno, en ese sitio, que linde al Norte, con Belén Requena, hoy Don Rafael López Landrón, Este, Suce-

sión Guil, hoy Modesto Bird, Herminio Díaz, José Montilla, Luisa de Lima y Manuel M. Ginorio, etc. El terreno así descrito es del Sr. Cepeda, el mismo cuyo dominio tiene inscrito á su nombre en el registro de la propiedad y del que está en quieta y pacífica posesión.

"Por tanto, el demandante

"Ruega á la corte tenga por enmendada la demanda y en su día, previa la práctica de la prueba, la declare con lugar y sin el dominio en cuanto á la cuerda y media más ó menos de terreno, cuyo dominio tiene inscrito el demandante descrito en el hecho primero de esta enmienda, con las costas al demandado; sin que el demandante tenga que oponer al dominio pretendido por el demandado, del terreno que marca con la letra "A," en su escrito de promoción, ni del trozo á que se refiere el hecho tercero."

Se contestó por Andino la demanda de oposición, alegando que la finca cuyo dominio se propone acreditar y á la que se opone el demandante no tiene de común más linderos que los de Norte y Este, y que la finca á que se refiere el dominio solicitado, la adquirió por compra hecha á Zoila Buzó, con la conformidad de Antonio Buzó, cuya finca la heredó la referida vendedora de su madre, Alejandra Arredondo, que legítimamente la disfrutaba como dueña hace más de treinta años al iniciarse este expediente.

El juez de la Corte de Distrito de San Juan, después de oir la lectura de las alegaciones, las pruebas y los informes de los abogados que en representación de las partes concurrieron, pronunció sentencia en 21 de agosto de 1906, declarando "que los hechos y el derecho están en favor de la demanda de oposición á la declaratoria de dominio de la finca en litigio, y en su virtud la declara con lugar con las costas al demandado."

Contra esa sentencia se interpuso recurso de apelación por el demandado Adolfo Andino, quien presentó ante esta Corte Suprema su alegato escrito é informó su abogado en el acto de la vista, así como el de la parte apelada Amalio Cepeda Lanzó.

En el récord consta una exposición del caso que no se

ajusta á la práctica recomendada en otros casos por este tribunal.

En esa clase de documentos no deben insertarse literalmente copias de la demanda, ni de la contestación, ni de la sentencia, porque todo eso tiene que constar en el legajo de la misma, según así ya lo disponen los artículos 233 y 299 de la Ley de Enjuiciamiento Civil, debiendo limitarse la exposición del caso á una relación sucinta y clara de la prueba practicada en el juicio, sin que sea propio tampoco citar en la exposición las leyes que se supongan infringidas, trabajo que debe reservarse para el alegato que ante este tribunal debe presentar el apelante.

Pero á pesar de esas incorrecciones, es lo cierto que la exposición viene aprobada por el juez y se ha hecho con la intervención de la parte apelada y, no obstante, que recomendemos otra vez la buena práctica para que haya uniformidad y claridad en esa clase de documentos, nos obliga á admitir la referida exposición.

Con la lectura del récord que tenemos á la vista, es imposible formar juicio claro y distinto del asunto de que se trata.

La demanda enmendada de oposición al dominio solicitado, por una parte expresa que no se refiere al solar marcado por el demandado con la letra "A" en el escrito de promoción ni al trozo que se describe y que viene á colindar al Norte, con Félix Manso, Oeste, con Toribio Ceballos y que es el que está unido al terreno de Cepeda, con el que colinda por el Este, y sin embargo, en la súplica se pide que se declare con lugar el dominio de la parcela que tiene inscrita en el registro y que está descrita en el hecho primero de la demanda enmendada, y efectivamente, allí se describe una parcela de terreno que no colinda por ninguna parte con Félix Manso ni con Toribio Ceballos.

El demandado hoy apelante, en su alegato y número 2°., dice:

"La parte á cuya declaración se opone el demandante es la que

tiene por límites, Norte, Belén Requena, Sur, Saturnina Zarzuela y Gregoria París, Este, Sucesión Guil y Oeste, el demandado, antes Juana Domínguez.''

La confusión que se observa puede que resulte de que Cepeda ha vendido desde el año 1902, en que dice que compró, al 1906, fecha de su demanda enmendada, varios trozos de terreno y de ahí que las colindancias han variado.

La claridad exigía que se hubieran precisado también las colindancias que al formular su demanda enmendada tenía el trozo de terreno que discute y las declaraciones de esos colindantes hubieran venido á aclarar su derecho, indentificando la porción discutida.

El perito del demandante, Don José Claudio Riera, con su plano, certificación y declaración prestada en el juicio, nada tampoco aclara esos extremos, porque se limita á manifestar que por encargo de Andino mensuró en 30 de mayo de 1901 dos parcelas de terreno, de cuyo trabajo le expidió certificación, la cual no se ha presentado por éste en el juicio, y que quizás hubiera venido á esclarecer los puntos oscuros, y que una de esas parcelas es la que después ha mensurado otra vez por encargo de Cepeda.

Si nos fijamos en la prueba del demandado Andino, parece que su derecho lo deriva de un contrato privado de venta otorgado por Zoila Buzó en 18 de junio de 1890. En dicho contrato se expresa la capacidad superficial de la porción que se vende, ó sea de cuerda y media de terreno, y se fijan las colindancias por los cuatro puntos cardinales, pero se dice que está radicada en Ballosa, quizás quiera decir Bayola, pero de todos modos, como la finca del demandante Cepeda está en el sitio denominado ''Minillas,'' esta distinta denominación de sitio viene á introducir también confusión en el esclarecimiento de este asunto.

Después al declarar la vendedora Zoila Buzó, en el juicio, ya no precisa las colindancias que fijó en la venta de que se ha hecho mérito, sino que dice que poseyó terrenos en Santurce

"á la parte abajo de la izquierda y por el camino del Parque derecho se dobla á la derecha un poco más arriba del cementerio, por la parte atrás y llegando al frente de la Iglesia, dobla uno para abajo, á la derecha y en lugar de doblar á la derecha, se dobla á la izquierda, etc., etc."

Con esta declaración nada puede adelantarse en el esclarecimiento de los hechos, y como los demás testigos tampoco agregan nada sobre el particular, relativo á la identificación de esa porción de terreno, resulta imposible formar juicio para dictar una resolución acertada.

Ahora bien, la Ley de la Asamblea Legislativa de esta Isla, aprobada en 8 de marzo de 1906, que empezó á regir el 1 de abril del mismo año, enmendó el artículo 306 del Código de Enjuiciamiento Civil y autorizó á esta Corte Suprema para devolver el caso á la Corte inferior para su revisión, cuando sea necesario aclarar determinados puntos de hecho; y haciendo uso de esa facultad así se ordenó por este tribunal en el caso de *Ramón Dapena* v. *Sucesión de Juan Antonio Dominici y Santi,* fallado en 14 de febrero último, en el que redactó la opinión del tribunal el juez Sr. MacLeary.

En este caso exige la justicia que se haga lo mismo, á fin de no lastimar los derechos de ninguna de las partes por falta de esclarecimiento de los hechos importantes en que se basa el pleito.

Procede, por tanto, que se devuelva el caso á la Corte de Distrito de San Juan para la celebración de nuevo juicio.

*Decretado un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, MacLeary y Wolf.