Sosa *v.* The American Railroad Co. of Porto Rico.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 68.—Resuelto en abril 8, 1907.

Apelación—Providencias ó Resoluciones de Carácter Interlocutcrio—Excepción.—Aunque, según el artículo 305 del Código de Enjuiciamiento Civil, en la apelación contra una sentencia, la corte de apelación puede revisar, además de la resolución apelada, cualquiera otra *providencia ó resolución interlocutoria* que reuna las condiciones que el mismo artículo exige, esto se

entiende, cuando se ha tomado excepción contra la resolución impugnada, pues en caso contrario quedará consentida la resolución y no podrá ser materia de la apelación.

Accidentes del Trabajo—Daños y Perjuicios—Incumplimiento de Contrato.—Las disposiciones del artículo 6 de la ley relativa á la responsabilidad de los patronos por accidentes que sufran sus empleados, son aplicables á los casos en que la acción ejercitada tiene por objeto exigir al patrono la responsabilidad que le impone la ley por lesiones ó por muerte del empleado, pero no es de aplicación cuando la responsabilidad exigida procede de otra causa distinta, como el incumplimiento de un contrato celebrado con el patrón.

Id.—Causa de Acción.—En el caso de autos el demandante funda su acción en el incumplimiento, por parte del patrón, de un contrato que celebrara con éste, por el que el último se comprometió á conservar al primero en su servicio, siempre que no le reclamara la indemnización que la ley establece por accidentes que sufriera el demandante. *Se resolvió* que las disposiciones de la Sección 6 de la ley sobre accidentes del trabajo no tienen aplicación á este caso, y que su falta de cumplimiento no puede dar lugar á la excepción de falta de causa de acción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Vázquez (Lino)*.

La parte apelada no compareció.

El Juez Presidente Sr. Quiñones, emitió la opinión del tribunal.

En 24 de marzo de 1906, Juan R. Sosa, en representación de su hijo, menor de edad, Miguel Elías Sosa y Cajigas, y por conducto de su abogado Don Lino Vázquez, dedujo demanda ante el Tribunal de Distrito del Distrito Judicial de Aguadilla contra la Compañía Americana de Ferrocarriles de Puerto Rico, sobre indemnización de daños y perjuicios, por falta de cumplimiento de un contrato; fundando la demanda en los siguientes hechos:

"1°. El día primero de octubre de 1905 el sub-director de dicha compañía, Don Jorge Servajean, que es también el encargado de los trabajos que se realizan entre aquella ciudad y Camuy, como representante de dicha compañía, convino con el demandante y su señor padre, en consideración á que no se interpusiera demanda por daños y perjuicios contra la compañía, ahora demandada, por la pérdida de tres dedos que sufrió de su mano izquierda, trabajando al servicio de dicha compañía, en que el demandante sería empleado de la compañía mientras quisiera, según aquel contrato verbal.

"2°. El día 1°. de octubre de 1905, dicho demandante entró al servicio de la compañía demandada, bajo dicho contrato; y siempre, hasta el 15 de febrero, ha estado en su servicio, y siempre dispuesto á continuar en él.

"3°. Que el día 15 de febrero de 1906, la compañía demandada, por medio de dicho Servajean, sin motivo, quitó del trabajo al demandante y rehuzó que siguiera á su servicio en la forma convenida, á pesar del ofrecimiento del demandante para seguir prestando tales servicios; y aquel acto ha causado perjuicios al demandante, por la suma de 1,000 dollars.

"Por cuyos fundamentos concluyó suplicando á la corte que, teniendo por presentada esta demanda, se sirviera dar traslado de ella á Don A. Duval, de San Juan, P. R., director de la misma, emplazándole por veinte días para su contestación y en su día dictar un fallo favorable al demandante, condenando á la compañía demandada al pago de los mil dollars como indemnización de los daños y perjuicios que se le habían ocasionado, y en compensación de sus sufrimientos físicos y morales, y el pago de las costas."

En 27 de marzo del mismo año fué notificada de la demanda la compañía demandada, en la persona de su director, el Sr. A. Duval, como representante de dicha compañía, en su oficina, situada en esta ciudad de San Juan, con copia de la demanda y de la cédula de emplazamiento, que contenía la advertencia de que, no compareciendo á contestar dicha demanda dentro del término de 20 días, el demandante podría obtener un fallo favorable por la cantidad de 1,000 dollars, de acuerdo con la súplica de la demanda.

En 17 del siguiente mes de abril, como no hubiera contestado la demanda la compañía demandada, solicitó el demandante por escrito dirigido al secretario del tribunal, se registrara la rebeldía de dicha compañía demandanda, y así lo verificó el secretario el mismo día 17 de abril.

En 20 del mismo mes presentó la compañía demandada su escrito de contestación, negando el hecho primero fundamental de la demanda, en cuanto en él se expone que el subdirector de dicha compañía, Mr. J. Servajean, convino con el demandante en darle trabajo mientras quisiera, en consideración á

que el expresado demandante no interpusiera demanda contra la compañía, por haber sufrido la pérdida de tres dedos, trabajando al servicio de la misma; que si el demandante sufrió la pérdida de tres dedos, recibió dicha lesión fuera del servicio de la compañía y por la propia temeridad y negligencia del demandante y que éste salió del servicio de la compañía, porque el demandante no respondía al objeto del servicio á que se le había destinado, por lo que suplicaba á la corte declarara sin lugar la demanda con las costas al demandante; y como el secretario se negara á admitir dicho escrito, por estar ya anotada la rebeldía, presentó entonces la compañía demandada una moción á la Corte para que se dejara sin efecto la rebeldía y se le admitiera la contestación por el fundamento de que, habiendo presentado la compañía demandada, durante el período del emplazamiento, una petición solicitando el traslado del pleito á la corte de los Estados Unidos en Puerto Rico, la cual no había sido sometida á discusión ni á la decisión de la corte, había desistido de ella, y presentado su escrito de contestación estando en tiempo, toda vez que aún no se había discutido ni resuelto la petición de traslado, y porque aún se estaba dentro del período del emplazamiento, descontando los días feriados; que esto, no obstante, el secretario no había admitido dicha contestación, porque no había sido presentada en tiempo, anotando en cambio la rebeldía del demandado; y que en bien de la justicia y de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil, se sirviera la corte dejar sin efecto la rebeldía anotada por el secretario, ordenándole recibir la contestación que le había sido presentada y de la cual había recibido la correspondiente copia la parte demandante, á cuya moción dictó la corte la resolución siguiente:

"Después de haber oído la moción de la parte demandada, en solicitud de que se deje sin efecto la rebeldía anotada por el secretario y que se admita la contestación á la demanda, después de haber oído en oposición á la parte demandante. Después de examinar todos los antecedentes de este caso, y la petición que hizo el Abogado Dexter á nom-

bre de *The American Railroad Co. of Porto Rico*, para gestionar el traslado á otra corte de dicho asunto, petición que hizo dentro del término del emplazamiento y que no se discutió, porque no se hizo en forma legal, en corte abierta, por moción ú otra forma, con notificación de las partes. Después de apreciar en su discreción la corte, que debe ser oída en defensa *The American Railroad Co. of Porto Rico. Ordena*: que se deje sin efecto la rebeldía anotada por el secretario y sea admitida la contestación á la demanda, mientras otra cosa se ordene por la corte, á virtud de orden posterior, debiendo pagar las costas las dos partes por mitad, ó sea entre demandante y demandado.''

Enmendada la demanda con autorización de la corte y conformidad de la otra parte, en el sentido de que el verdadero nombre del demandante era Miguel Elías Sosa y Cajigas, y no Miguel Amelio Sosa y Cajigas, como aparece en la demanda, se celebró el juicio y se recibieron las pruebas, y en este estado se presentó por el abogado de la compañía demandada Sr. Franco Soto, en 4 de junio, la siguiente moción:

''La compañía, por su abogado respetuosamente expone: que la demanda no aduce hechos suficientes para determinar una causa de acción. Esta excepción se funda en que no se ha cumplido por el demandante con la sección 6ª. de la ley relativa á la responsabilidad de los patronos por accidentes que en sus servicios sufran sus empleados, aprobada en 1º. de marzo de 1901. Por tanto, suplico á la corte, se sirva desestimar la demanda con las costas al demandante.''

A esta moción dictó la corte en 5 de junio la resolución siguiente:

''Resolviendo la moción presentada por el Sr. Franco Soto, en el día de ayer, la corte dicta la siguiente orden: Después de haber oído la moción por escrito presentada por 'The American Railroad Co. of Porto Rico,' una vez terminada toda la prueba en el juicio; los argumentos aducidos y en oposición á la parte demandante. Después de leer el alegato de la demanda y el de la contestación. La corte es de opinión, que la ley y los hechos están con la parte demandada, y, en su consecuencia, declara con lugar la excepción aducida, con las costas á Miguel Elías Sosa y que el abogado extienda la orden.''

Extendida ésta en el mismo sentido, ó sea declarada con lugar la excepción aducida, y desestimando la demanda con las costas al demandante, tomó excepción contra ella el abogado de la parte demandante.

Contra esta resolución apeló la representación del demandante, y presentado el récord en esta superioridad, con una exposición del caso, aprobada por el juez con las enmiendas propuestas por la parte apelada y presentado el alegato del apelante se señaló día para la vista, la que se celebró con asistencia sólo del abogado de la misma parte apelante.

Solicita ésta en su alegato, en primer término, que se revoque la resolución dictada por la Corte de Distrito de Aguadilla en 22 de abril del año próximo pasado, por la que se dejó sin efecto la rebeldía de la compañía demandada, y se le admitió el escrito de contestación á la demanda, presentado días después de acusada la rebeldía, y de haberla registrado el secretario de dicha corte de distrito. Empero, sobre este particular, nada puede hacer esta Corte Suprema, porque si bien el artículo 305 del Código de Enjuiciamiento Civil, permite que en la apelación de una sentencia, la Corte de apelación pueda revisar la resolución apelada, y *cualquiera otra providencia ó resolución interlocutoria,* que reuna las condiciones que el mismo artículo requiere; esto se entiende, cuando se ha tomado excepción contra la resolución impugnada, como lo exige el mismo artículo que acabamos de citar, y en el presente caso no hay en el récord la más mínima constancia de que por el apelante se hubiera tomado excepción contra aquella resolución de la corte, por lo que quedó ésta consentida y, por consiguiente, no puede ser materia de la presente apelación.

No sucede así respecto de la otra resolución de 5 de junio del mismo año, que es la apelada, y cuya revocación interesa también la parte apelante en su alegato.

Por esta resolución, declaró la Corte de Distrito de Aguadilla con lugar la excepción propuesta por la compañía demandada, de que la demanda no aducía hechos suficientes para

determinar una causa de acción, por no haber cumplido el demandante lo prevenido por la sección sexta de la ley aprobada en marzo 1 de 1901,, sobre responsabilidad de los patronos para con sus empleados ú operarios por accidentes del trabajo en los casos que dicha ley determina.

Contra esta resolución de 5 de junio, tomó excepción el abogado de la parte apelante, en el acto mismo en que fué publicada por el juez de la corte de distrito, y está por consiguiente en perfecta actitud para combatirla.

Ciertamente que la ley de que hace mérito la resolución apelada, dispone en su sección 6ª. "que ningún recurso de indemnización por lesión corporal, ó por muerte, acaecida en los casos que previene la sección 1ª. de dicha ley podrá sostenerse si no se da aviso al patrono, del momento, lugar y causa de la lesión, dentro de los 30 días á contar desde la fecha en que acaeció, ó si el recurso no se establece dentro de los seis meses posteriores á dicho lesión"; pero esto se extiende, cuando la acción deducida en la demanda tiene por objeto exigir al patrono la responsabilidad que le impone la ley, por las lesiones, ó por la muerte del empleado ocurrida con motivo de cualquiera de los accidentes del trabajo á que la misma ley se refiere; pero no cuando la responsabilidad que se le exige procede de otra causa distinta, como sucede en el presente caso, en el que de lo que se trata es de la indemnización de perjuicios por la falta de cumplimiento de un contrato celebrado con el patrono, y según el cual se había obligado éste á continuar ocupando en sus servicios á un operario que había quedado inútil de una mano á consecuencia de un accidente fortuíto que le ocurrió en el trabajo á que estaba destinado, siempre que el operario no le reclamara la indemnización que la ley establece por el daño sufrido, y á cuya obligación se dice que faltó el patrono, despidiendo de su servicio al operario, sin razón ni motivo que lo justificara, y de cuya falta de cumplimiento se alega por el demandante que se le han ocasionado perjuicios que estima en la suma de 1,000 dollars.

En este caso, parece claro que el precepto que contiene la sección 6ª. de la ley en que se funda la resolución de la Corte de Distrito de Aguadilla, no es aplicable, y, por consiguiente, que su falta de cumplimiento no puede servir de motivo para fundar la excepción previa de no haberse aducido en la demanda hechos suficientes para determinar una causa de acción que el juez de la corte de Aguadilla por su resolución de 5 de junio, ha estimado pertinente en el presente caso.

Entendemos, pues, que esta resolución, que como digimos antes, fué excepcionada oportunamente por la parte apelante y que constituye el objeto de la presente apelación, debe ser revocada, y que en este estado, de acuerdo con lo determinado por la sección 2ª. de la Ley de la Asamblea Legislativa de esta Isla, de marzo 8 de 1906, enmendando los artículos 43 y 306 del Código de Enjuiciamiento Civil, correspondería que esta corte procediera á pronunciar la sentencia que debió haber dictado el tribunal inferior; pero como por otra parte, esa misma sección de la ley citada, exceptúa los casos en que fuere necesario aclarar determinados puntos de hecho, ó que la indemnización que hubiera de fijarse, ó materia sobre la cual hubiera que decretarse, fuere dudosa, en cualquiera de los cuales deberá devolverse la causa para su revisión al tribunal inferior; encontrándose precisamente comprendido en algunos de esos casos el que nos ocupa, por no haberse traído al juicio los elementos de prueba necesarios para apreciar la cuantía de la indemnización de perjuicios que se reclama en la demanda, para el caso de que ésta pudiera ser estimada con lugar en definitiva, por todas estas consideraciones, esta Corte entiende, que debe revocarse la resolución apelada de 5 de junio último, y devolverse la causa al tribunal inferior para su revisión, en el sentido que estime más procedente con arreglo á derecho.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras, MacLeary y Wolf.