Luis F. Zapata, demandante y apelante, *v.* The Caribbean Casualty Co., demandada y apelada.

No. 4038.—*Visto:* Nov. 17, 1927. *Resuelto en reconsideración:* Julio 24, 1928.

*José D. Rodríguez,* abogado del apelante; *Jaime Sifre Jr., Horacio Franceschi* y *Diego O'Marrero,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

### EXPOSICIÓN DEL CASO

Con fecha 25 de junio de 1927, esta corte dictó una opinión y sentencia en la que se dijo lo siguiente:

La demandada y apelada es una compañía de seguros que expidió una póliza para asegurar un camión del demandante contra colisión. Ocurrió el choque. El camión asegurado no fué destruido totalmente y la corte resolvió que la diferencia en el valor del camión antes y después del accidente ascendía a $200. Dicho camión había sido reparado por la compañía demandada, a la que se le ordenó lo entregara al demandante. Este apeló.

Durante el curso del juicio y después que el resto de la prueba había sido presentada, ocurrió el siguiente incidente: la demandada solicitó se nombrara un perito para determinar el valor del camión antes y después del accidente. El demandante dijo "No tenemos inconveniente ninguno." El perito fué nombrado de conformidad y rindió un extenso informe a la corte. Fundada en gran parte en este informe, la corte dictó su sentencia.

██ El apelante dice que el informe del perito no estaba jurado; que el incidente a que nos hemos referido no equivalía a una estipulación; que al demandante no se le dió copia del informe, el cual fué enviado directamente al juez y que en efecto no tuvo oportunidad de examinar al perito.

No se desprende que se levantara cuestión alguna en la corte inferior respecto a la necesidad del perito de prestar juramento, y esta omisión, en caso de que haya sido una omisión, debe considerarse como que fué renunciada. Si el juramento era en alguna forma necesario, el apelante debió haber tomado alguna medida para que se eliminara de los autos el informe del perito.

·Nos inclinamos a creer que este informe del perito, al igual que el de un árbitro, no tenía que estar jurado al tiempo de presentarse. Frecuentemente es aconsejable tomarle juramento a tal perito antes de empezar sus investigaciones.

Este tribunal entonces resolvió que el incidente ocurrido durante el juicio tenía todos les efectos de una estipulación. Luego, la corte consideró el caso sobre sus méritos y dictó sentencia confirmando la de la corte inferior. Posteriormente el demandante-apelante radicó una moción de reconsideración, que fué declarada con lugar. El caso fué señalado para ser visto en noviembre de 1927, y después se dictó la siguiente opinión:

EN RECONSIDERACIÓN

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

██ Este es un caso en que algunos de sus antecedentes pueden obtenerse de nuestra opinión y sentencia de junio 25, 1927. Se radicó y concedió una moción de reconsideración, y el caso se vió nuevamente el 17 de noviembre de 1927. En la vista original tuvimos la idea errónea de que había una estipulación en los autos que permitía la determinación por un perito del valor de un autocamión "Clydesdale" tanto antes como después de un accidente contra el

cual la compañía demandada había asegurado al demandante. En otras palabras, nuestra idea era, al igual que la de la corte inferior, que las partes habían acordado que un perito rindiera un informe para que se hiciera formar parte de los autos en unión de la otra evidencia en el caso. Lo que en realidad sucedió fué que la demandada propuso que se nombrara un perito para que rindiera un informe sobre el verdadero estado del automóvil y si funcionaba bien o no. El demandante contestó que no tenía objeción alguna,, Por tanto, es muy evidente que al perito no se le dió autoridad para determinar valores de ninguna especie, como trató de hacerlo.

Además, el demandante-apelante se queja de que no tuvo oportunidad para examinar el informe o para presentar objeciones y formular excepciones contra el mismo. Los autos demuestran que la corte impuso las costas a la demandada. Esta radicó una moción de reconsideración, que la corte declaró con lugar, relevando entonces a la demandada del pago de las costas. Mientras estaba pendiente esta moción el demandante pudo también haber solicitado una reconsideración basada en algunos de los errores ahora alegados. Tal práctica hubiera sido aconsejable, pero el que se dejara de hacerlo así no puede variar el hecho de que la corte fijó la cuantía de los daños y limitó a $200, en virtud del informe del perito, la cantidad que el demandante tenía derecho a cobrar, haciendo esto sin dar a las partes oportunidad de ser oídas en relación con dicho informe. El informe tiene fecha de marzo 9, 1926. La sentencia de la corte está fechada marzo 15, 1926. La corte puede haber creído que dió un término a las partes o que ellas conocían el informe. Examinado éste, hace constar que la corte dió al perito algunas instrucciones orales. De todos modos, el perito se excedió de lo estipulado y las partes no tuvieron oportunidad de ser oídas. En este respecto el caso tiene aspectos similares al de *Gandía* v. *Porto Rico Fertilizer Co.,* resuelto en el día de hoy, *ante* p. 684. La opinión de la

corte inferior y la de este tribunal se basaron en un concepto erróneo sobre el alcance del informe, y generalmente a las partes debe dárseles una oportunidad de ser oídas con respecto a si el informe se ciñó a la estipulación, especialmente cuando el informe va más allá de lo estipulado y el perito no está sujeto a un interrogatorio.

Tal vez la corte inferior y este tribunal estaban equivocados al decir que el demandante estaba dispuesto a aceptar $600 en adición a las reparaciones ya hechas. Según sostiene el demandante, los autos no contienen prueba directa alguna sobre ese extremo. Ninguna hemos encontrado y no haremos hincapié sobre la prueba indirecta. Algo así aparece de la moción de reconsideración pero desde luego eso no estaba ante el tribunal cuando se dictó sentencia.

El apelante, según aparece de su memorándum final, estaba dispuesto a aceptar ''el informe del señor Ramírez en cuanto al examen que hizo del carro, pero no puede aceptar que se le dé crédito en cuanto a la valoración, pues no fué para eso propuesto por la parte adversaria y aceptado por ésta.'' Por virtud de toda la prueba y de la actuación de la corte no estamos dispuestos a intervenir con la decisión de que el camión debe ser restituido a la demandada. La cuestión a determinar es la suma adicional que el demandante debe recibir.

Generalmente, al revocar, y de acuerdo con el artículo 306 del Código de Enjuiciamiento Civil, esta corte es la que dicta sentencia definitiva. En justicia para las partes, tal procedimiento es impracticable, si no imposible, en este caso. La opinión de la corte y su actitud hacia toda la prueba se originó por el informe del perito. No hemos tenido el beneficio de la opinión de la corte después de oír y ver la prueba, que no fuera descansando en la valoración fijada por el perito. Aparentemente, parece que la corte no quedó satisfecha de la apreciación hecha por los testigos del demandante en cuanto al valor del camión.

Abrigamos serias dudas respecto a si de la prueba se des-

prende que, con exclusión del informe del perito, el camión valía $3,000 al tiempo del accidente, según alegó el demandante. Había estado en uso por muchísimo tiempo. En nuestra opinión original nos pareció que el demandante no alegaba que el valor fuera mayor de $1,500. Sin embargo, eliminando el informe, no estamos preparados para decir cuál era su verdadero valor, y el demandante tendrá otra oportunidad para probar sus daños.

La idea que ahora tenemos al revocar el caso es dejar que la corte inferior determine la diferencia entre el valor del camión antes del accidente y después de las reparaciones que le hizo la demandada. A pesar de lo que disponen las cláusulas de la póliza, todo se reduce ahora a la cuestión de los daños. Hemos examinado la decisión de esta corte en el caso de *Martínez* v. *Independence Indemnity Co.*, 36 D.P.R. 864. Naturalmente que si un automóvil asegurado sufre un accidente y no se repara de tal manera que resulte servible, el dueño no está obligado a recibirlo, pero tal hecho se resolvió en contra del demandante y no estamos dispuestos a alterar esa conclusión.

*Debe revocarse la sentencia y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*

El Juez Asociado Sr. Texidor no intervino.