LESLIE A. MAC LEOD, AUDITOR DE PUERTO RICO, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. CARLOS LLAUGER DÍAZ, demandada.

No. 963.—*Sometido:* Abril 23, 1934. *Resuelto:* Julio 26, 1934.

*Hon. Procurador General Benjamin J. Horton* y *T. Torres Pérez, Sub-procurador*, abogados del peticionario; *L. Tirado Géigel,* abogado de las peticionarias en el procedimiento de *mandamus* que motivó el *certiorari,* como *amicus curiae.*

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En un procedimiento de *mandamus* la Corte de Distrito de San Juan ordenó a la Junta de Retiro que dispusiera el pago de ciertas deducciones hechas de los sueldos de algunos empleados desde el primero de julio de 1932 por resolución de dicha junta adoptada el 13 de julio del mismo año y que además dispusiera que los sueldos de los ameritados emplea-dos, tal cual los fija la ley, fuesen pagados en su totalidad a medida que los mismos se fueran devengando de acuerdo con la ley. La Junta de Retiro preparó una nómina especial y trasmitió la misma con un certificado de la Comisión de Ser-vicio Civil, y, con copia del auto de *mandamus,* al Contador de Puerto Rico. Éste se negó a pagar la nómina. Se le ordenó que compareciera ante la corte de distrito y mostrara causa por la cual no debía condenársele por desacato. Él compareció y contestó. Su contestación contenía numerosas admisiones, negativas y defensas especiales, incluyendo no tener la intención de desacatar la orden de la corte, la nega-tiva de haber cometido el desacato y la expresión de estar dispuesto a obedecer cualquier orden que se dictara en una acción o procedimiento en que la corte hubiese adquirido ju-risdicción sobre su persona. La Junta de Retiro había hecho cuanto la corte de distrito le había ordenado que hiciera. La corte de distrito nunca había ordenado al contador que hi-ciera nada, con anterioridad a la expedición de su orden para mostrar causa por la cual no debía castigársele por desacato. Al contador no se le había hecho parte en el procedimiento de *mandamus.* Él no había desobedecido ninguna orden de la corte. No obstante, la corte de distrito le concedió tres días para que diera cumplimiento al decreto de aquel tribu-

nal, pagando los sueldos de los peticionarios en el procedimiento de *mandamus,* conforme se disponía en el auto. Al mismo tiempo la corte anunció que dejaría en suspenso su decisión final en el procedimiento de desacato durante los tres días de gracia. Las únicas autoridades citadas por el juez de distrito en apoyo de su actuación son: *In Re Reese,* 107 Fed. 942; *Garrigan* v. *United States,* 163 Fed. 16; *State* v. *District Court,* 109 Pac. 434; y 5 Bancroft's Code Practice and Remedies, 5250, sección 4002.

Siguiendo la pauta trazada por la última de las citas arriba enunciadas hallamos lo siguiente:

" . . . . Si la notificación es insuficiente, como cuando se entrega copia en vez del original del auto a la parte demandada, la desobediencia a la orden de la corte no debe castigarse como desacato. Y una persona que no sea parte en el procedimiento de *mandamus* no es castigable ordinariamente por violar la orden de la corte. Sin embargo, no es necesario que una persona haya sido hecha parte en un procedimiento de *mandamus* o notificada del auto a fin de que se le declare culpable de desacato por una violación del mismo. Así, pues, puede imponérsele castigo por desacato por su conducta al obstruir el debido curso de la ley teniendo conocimiento del auto."

A nuestro juicio, debe seguirse la regla general, salvo en casos muy excepcionales. "Una persona que no sea parte en el procedimiento de *mandamus* no es castigable ordinariamente por violar la orden de la corte." El presente caso parece caer dentro de la regla, más bien que dentro de la excepción. Un procedimiento de *mandamus* contra el Contador hubiese sido tan simple y tan rápido como una solicitud para que se expidiera una orden para mostrar causa, y mucho más corriente. El contador tenía tanto derecho a que se le diese la oportunidad de ser oído como la Junta de Retiro. A él debió dársele su día en corte.

*La resolución debe ser anulada.*