Luis Abella Blanco, peticionario y apelante, *v.* Rexford Guy Tugwell, sustituído por Jesús T. Piñero, demandado y apelado.

Núm. 9356.—*Sometido:* Noviembre 5, 1946. *Resuelto:* Diciembre 3, 1946.

*Juan B. Soto,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández (E. Campos del Toro, ex Procurador General,* en el alegato) y *J. Rivera Barreras, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

El Gobernador de Puerto Rico, previa formulación de cargos y celebración de una audiencia, destituyó al apelante del cargo de Registrador de la Propiedad de Caguas. Pre-

sentó el Registrador una petición de *mandamus* contra el Gobernador en la corte inferior y fué desestimada por el fundamento de que no aducía hechos constitutivos de causa de acción. Se alegó en la solicitud y lo admitió el demandado al contestarla, que la destitución fué motivada por una supuesta infracción a la "Ley Asignando Sueldos a los Registradores de la Propiedad y para otros fines", Leyes de 1904, pág. 144. Descansando en ese hecho admitido, sostuvo el Registrador en la corte *a quo* y arguye en este Tribunal, que el Gobernador carece de facultad para destituirlo en el presente caso, e invoca las secciones 28 y 30 de la citada Ley que dicen:

"Sección 28.—A los Registradores de la Propiedad convictos de haber violado en todo o en parte las disposiciones de esta Ley les será impuesta una multa de $100 (cien dollars) a $200 (doscientos dollars) por la primera infracción, de $200 (doscientos dollars) a $500 (quinientos dollars) por la segunda y se les separará de su cargo si cometen una tercera".

"Sección 30.—El Gobernador de Puerto Rico ordenará la separación de cualquier Registrador *que con arreglo a las disposiciones de la presente* se haya hecho acreedor a ser separado de su cargo." (Bastardillas nuestras).

El Gobernador acepta que si él hubiera seguido el procedimiento prescrito en la Ley Asignando Sueldos a los Registradores y para otros fines, no hubiera podido destituir al Registrador hasta que no existiera la tercer convicción; pero arguye que independientemente de esa ley especial, puede destituirlo de conformidad con el art. 53 del Código Político,(1) siempre que le formule cargos y le dé oportunidad de ser oído en su defensa.

La Ley Asignando Sueldos a los Registradores, etc. es de carácter especial y trata exclusivamente de los

---

(1) El art. 53 del Código Político dice así:

"Destitución de funcionarios. El Gobernador tendrá facultad para separar a cualquier funcionario que hubiere nombrado; podrá declarar vacante el cargo y cubrirlo en la forma prescrita por la ley".

registradores de la propiedad. En su art. 28 esa Ley, como hemos visto, expresamente prescribe el castigo que puede imponerse por infracción a la misma. Esas y no otras, son las únicas penas prescritas por el legislador para tales casos.(²) Es claro que el Gobernador no puede seguir a su antojo el procedimiento que siguió en este caso y de ese modo convertir en letra muerta las disposiciones de la ley especial. Mientras esa ley esté en vigor, los registradores tienen derecho a no ser destituídos por violación a la misma, a menos que hayan sido convictos de una tercera infracción.

El art. 53 del Código Político es una ley de carácter general y existiendo una de carácter especial aplicable a los registradores, éstos no deben considerarse comprendidos dentro de la ley general cuando infrinjan las disposiciones de la ley especial. De igual modo es inaplicable el citado art. 53 a aquellos funcionarios para cuya remoción se ha provisto por ley un procedimiento especial.(³)

La contención del Gobernador de que su facultad para destituir al apelante surge también del art. 308 de la Ley Hipotecaria, es claramente insostenible. El art. 308, como todos los comprendidos en el Título X de la Ley Hipotecaria —que comprende los artículos 297 al 312, inclusive— ha sido sustituído por la Ley Asignando Sueldos a los Registradores y para otros fines,(⁴) y por consiguiente no está en vigor.

Sin prejuzgar los méritos del caso, e imputándose al pe-

---

(²) De conformidad con la sección 29 de dicha Ley, la corte con jurisdicción para imponer esas penas es la del distrito donde está situada la oficina del registrador.

(³) Un ejemplo de estas leyes especiales es la núm. 58 de 1930 (Leyes de 1930, pág. 419; Compilación 1941, pág. 1201), la cual provee un procedimiento para la destitución de los jueces de distrito.

(⁴) El profesor L. Muñoz Morales, en su obra "Texto Revisado de la Ley Hipotecaria de Puerto Rico y su Reglamento", pág. 83, refiriéndose al citado Título X, dice:

"Excepto el primer inciso que dejamos copiado del art. 297, debe suprimirse todo el contenido de este título X, en sus dieciséis artículos por ser hoy inaplicables y estar sustituídos por varias secciones de la Ley 'Asignando Sueldos a los Registradores de la Propiedad y para otros fines', aprobada en 10 de marzo de 1904, y enmiendas posteriores . . .".

ticionario una primera infracción a la Ley Asignando Sueldos a los Registradores, etc. sin haberse seguido el procedimiento prescrito por dicha ley, *procede revocar la sentencia apelada y en su lugar dictar la que debió haber dictado la corte inferior, es decir, expedir un auto perentorio de mandamus dirigido al Hon. Jesús T. Piñero, Gobernador de Puerto Rico, como sucesor de Rexford G. Tugwell, ordenándole que en su expresado carácter de Gobernador de Puerto Rico proceda a reponer a Luis Abella Blanco en el cargo de Registrador de la Propiedad de Caguas con efecto retroactivo al 17 de agosto de 1945, fecha en que fué suspendido de empleo y sueldo, y que se sirva además ordenar el pago de sus sueldos devengados desde la fecha de su suspensión de empleo y sueldo a razón de $3,500 anuales.*

El Juez Asociado Sr. Snyder no intervino.

EN MOCION DE RECONSIDERACION

Diciembre 10, 1946

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El apelado solicita reconsideremos la sentencia dictada en este caso: 1ro., porque fué a base de la defensa especial de que la petición no aducía hechos suficientes constitutivos de una causa de acción alegada por el demandado que se resolvió el caso en la corte inferior y que al sostener esta Corte Suprema que la demanda es suficiente debemos devolver el caso a la corte de origen para ulteriores procedimientos y, 2do., que habiéndose ordenado en nuestra sentencia el pago al peticionario de los sueldos por él dejados de devengar desde su suspensión, debe la corte inferior pasar sobre la cantidad exacta a pagarse y dársele al Auditor de Puerto Rico, que no ha sido parte en este procedimiento, la oportunidad de determinar qué cantidad es la que en definitiva habría que pagar al peticionario y se cita el caso de *Mc Leod, Auditor* v. *Corte,* 47 D.P.R. 337.

Es cierto que el demandado en su contestación a la petición alegó la defensa especial antes mencionada, empero al mismo tiempo admitió expresamente en la contestación los hechos esenciales alegados en la petición y especialmente el hecho cuarto primordial de que la destitución del peticionario fué motivada por una supuesta infracción de la "Ley Asignando Sueldos a los Registradores de la Propiedad y para otros fines", quedando en esta forma limitada la contienda a la cuestión de derecho de si el procedimiento seguido por el demandado para la destitución estaba autorizado por dicha ley. Como dijimos en nuestra opinión original, el propio demandado aceptó que si él hubiera seguido el procedimiento prescrito en dicha ley no hubiera podido destituir al peticionario hasta que existiera la tercera convicción. De manera que las admisiones del demandado relevan al demandante de tener que probar los hechos así admitidos y resuelta por esta Corte en contra del demandado

la cuestión legal envuelta, lo único que procedía era dictar la sentencia que debió haber dictado la corte inferior.

No podemos aceptar la limitación que ahora desea hacer el demandado al alcance de sus propias admisiones ya que todo caso debe resolverse de acuerdo con lo que aparece de las alegaciones y del propio récord.

En cuanto a la intervención que el demandado cree debe dársele al Auditor de Puerto Rico en este procedimiento, no tiene razón. El sueldo que tenía derecho el peticionario a recibir está fijado por ley y el cálculo de los que no ha percibido depende de una simple operación aritmética. El Auditor de Puerto Rico no es parte necesaria en procedimientos de esta índole.

El caso de *Mc Leod, Auditor,* v. *Corte,* supra, citado por el apelado, lo único que resuelve es que una persona que no ha sido parte en un procedimiento de mandamus no puede ser castigada por violar la orden de la corte. Empero, el mismo caso indica cuál es el procedimiento al alcance del peticionario si el Auditor se negare a satisfacer sus sueldos, o sea, un recurso de mandamus.

*Se desestima la moción de reconsideración.*

El Juez Asociado Sr. Snyder no intervino.

EN MOCION DE RECONSIDERACION*

Febrero 3, 1947

---

*En la vista, el Lic. Cayetano Coll y Cuchí compareció como *amicus curiae.*

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Por tercera vez el apelado solicita que reconsideremos la sentencia dictada en este caso el 3 de diciembre de 1946. Por primera vez reconoce que dicha sentencia "responde y se ajusta a la situación reflejada por las alegaciones" y acepta "que hubo error en las alegaciones," pero invoca la discreción de este tribunal "para permitir que dicho error se corrija y no quede perpetuado a través de un fallo judicial," y solicita que "para evitar un extravío de la justicia y para evitar que se perpetúe un error judicial que este caso, no habiéndose fallado en sus méritos por este Tribunal, y no habiendo este Tribunal proclamado la inocencia de Luis Abella Blanco de las imputaciones que se le hicieron, sea devuelto al tribunal de origen para que allí, *si fuera necesario, vuestro peticionario tenga la oportunidad de enmendar su Contestación a fin de traer a los procedimientos los hechos reales y verdaderos del caso y, que se haga cumplida justicia entre las partes.* (Bastardillas nuestras.)

Basa su petición el apelado en un *affidavit* de méritos, otorgado por el apelado, y en el artículo 306 del Código de Enjuiciamiento Civil que dispone que "Cuando se revocare la sentencia, orden o decreto del tribunal inferior, la corte procederá a pronunciar la sentencia, orden o decreto que debió haber dictado el tribunal inferior, *salvo los casos en que fuere necesario aclarar determinados puntos de hecho*, o que la indemnización que hubiere de fijarse o *materia sobre la cual hubiere que decretarse, fuere dudosa, pues en cualquiera de estos casos se devolverá la causa para su revisión*(¹) *al tribunal inferior.*" (Bastardillas nuestras.) Cita el apelado en apoyo de su petición los casos de *Frías* v. *Rodríguez*, 14 D.P.R. 146; *Zapata* v. *Caribbean Casualty Co.*, 38 D.P.R. 688; *Martínez* v. *American Railroad Co.*, 19 D.P.R. 974; *Caneja* v. *El Pueblo*, 12 D.P.R. 247; *Rivera et al.* v. *Tibot et al.*, 11 D.P.R. 553; *Sosa* v. *The American Railroad Co. of Porto Rico*, 12 D.P.R. 239; *Cepeda* v. *Andino*, 12 D.P.R. 197; *Dapena* v. *Sucesión Dominicci*, 12 D.P.R. 66; *Alcaide* v. *Morales*, 28 D.P.R. 278.

En la mayoría de estos casos al revocarse la sentencia dictada por la corte inferior devolvimos el caso para la celebración de un nuevo juicio debido a que se excluyó prueba que debió ser admitida o a que la prueba presentada en relación con la indemnización de daños solicitada era confusa y la situación de hechos debía ser aclarada.

En el caso de *Dapena* v. *Sucesión Dominicci*, supra, no obstante haberse celebrado un juicio, al revocar la sentencia y devolver el caso para la celebración de un nuevo juicio, dijimos lo siguiente a la página 70:

"Pero por cuanto en otro juicio pueden hacerse otras alegaciones, *tanto en la demanda como en la contestación, haciendo que la misma sea más específica y planteando todos los puntos comprendidos en el caso*, y siendo muy escasos los hechos y la prueba, esta corte no debe dictar sentencia alguna, resolviendo en definitiva el caso." (Bastardillas nuestras.)

(¹)El texto inglés dice: ". . . the cause shall be remanded for a *new trial* in the court below." (Bastardillas nuestras.)

En el caso de *Sosa* v. *The American Railroad Co. of Porto Rico,* supra, la corte inferior desestimó una demanda en reclamación de daños a virtud de excepción previa, en la que se alegó que la demanda no aducía hechos suficientes. Revocamos la sentencia y aplicando el artículo 306, supra, devolvimos el caso "para su revisión, en el sentido que estime más procedente con arreglo a derecho."

Como hemos dicho, el apelado acompañó a su petición un affidavit de méritos. En él expone los hechos que aparecen en el "expediente administrativo, obrante en su poder, de Luis Abella Blanco, Registrador de la Propiedad de Caguas," en relación con la formulación de cargos de que fué objeto, el procedimiento que se siguió posteriormente, el cual culminó en la destitución del aquí apelante de dicho cargo.

Convenimos con el apelante, que así lo ha solicitado, que dicho affidavit de méritos debe tenerse por eliminado de los autos. No procede que resolvamos la cuestión planteada en la petición del apelado sino por las constancias de los autos, según los tuvimos ante nuestra consideración al dictar sentencia, ya que no estamos autorizados para admitir prueba *aliunde* a ellos en un recurso de apelación.

■■ Concretándonos a la cuestión planteada ella se reduce a la determinación de si debemos ejercitar nuestra discreción, aplicando liberalmente las disposiciones del artículo 306, supra, a los hechos de este caso tal y como aparecen de las alegaciones y devolver el caso a la corte inferior.

Sostiene el apelado que, no obstante haber admitido en su contestación la alegación contenida en el hecho cuarto de la petición de *mandamus* al efecto de que los cargos formulados por el Gobernador al peticionario eran "implicativos" de infracción a la Ley de 1904 Asignando Sueldos a los Registradores de la Propiedad, dicha alegación no es una afirmación de que se le formularon cargos por infracción a dicha ley sino una mera conclusión legal de que eran "implicativos" de tal infracción; que aun cuando se sostuviera que

dicha alegación es una correcta alegación de hechos y no una conclusión legal y que el apelado viene obligado por su admisión a dicho párrafo cuarto, dicha admisión pudo haberse hecho por error, inadvertencia o por cualquier otro motivo y que la realidad de los hechos no es la que aparece de dicha alegación y admisión y es por esto que solicita se devuelva el caso a la corte inferior para allí, si fuera necesario, tener la oportunidad de enmendar su contestación a fin de traer a los procedimientos los hechos reales y verdaderos del caso.

Arguye el apelante, en oposición, que ya esta Corte resolvió esta misma cuestión, tanto en la opinión original como en la de reconsideración, y que, en todo caso, devolver el caso a la corte inferior "sería inútil y sólo serviría para dilatar la acción de la justicia, fomentar la multiplicidad de acciones y prolongar indebidamente este pleito," ya que "cualesquiera que sean los hechos imputados al demandante apelante, el procedimiento seguido al decretarse la destitución, es ilegal y, por tanto, nulo, toda vez que, si los mismos constituyen infracción a la Ley Asignando Sueldos a los Registradores de la Propiedad, es necesario aplicar las disposiciones contenidas en los artículos 28, 29 y 30 de dicha ley; y si tales hechos constituyen delitos graves, como pretende el demandado apelado, el procedimiento a seguir es el que determina el inciso 8 del artículo 208 del Código Político."(²)

Arguyó, además, el apelante en la vista oral, que antes de que pudiera prevalecer la petición del apelado, tendríamos que resolver que un registrador puede ser separado de su cargo por causas distintas a las enumeradas en la ley de 1904, o sea, bajo las disposiciones de los artículos 53 y 208 del Código Político.

---

(²)Este artículo dispone que: "Queda vacante un cargo al ocurrir cualquiera de los siguientes casos, antes de vencerse el período de su duración: . . . 8.—Ser sentenciado por delito grave (*felony*) o por cualquier delito que implique depravación moral o infracción de sus deberes oficiales." El inciso 4 del mismo artículo dice: "Su separación del cargo."

En cuanto a esta última contención ya resolvimos en la opinión original emitida en este caso que "El art. 53 del Código Político es una ley de carácter general y existiendo una de carácter especial aplicable a los registradores, éstos no deben considerarse comprendidos dentro de la ley general *cuando infrinjan las disposiciones de la ley especial.*" (Bastardillas nuestras.) La misma regla es aplicable a las disposiciones de los incisos 4 y 8 del artículo 208 del Código Político, supra. Empero, la cuestión en controversia, precisamente, es si los cargos que dieron lugar a la destitución del apelante constituían infracciones a la ley especial de 1904, como alegó el apelante que así "implicaban," hecho admitido por el apelado en su contestación, o si, como sostiene el apelado, dichos cargos incluían, además de infracciones a la ley de 1904, infracciones al Código Penal que constituyen delitos graves.

Hemos leído detenidamente la petición de mandamus y la contestación a la misma y si bien nos ratificamos en la conclusión expuesta en las opiniones emitidas anteriormente en este caso en relación con la admisión que hizo el demandado del hecho cuarto de la petición, creemos que la contestación del demandado a otros hechos alegados en la petición, contiene negaciones que, aun cuando imperfectamente expuestas, podrían ser interpretadas, con el propósito de hacer justicia sustancial, según provee la Regla 8(*f*) de las Reglas de Enjuiciamiento Civil, en el sentido de que establecieron una controversia y que de no dársele esa interpretación podría el demandado, de acuerdo con la Regla 15 de las mismas Reglas, enmendar su alegación, con permiso de la corte, ya que dicha regla dispone que: ". . . se concederá el permiso liberalmente cuando la justicia así lo requiera."

Si en el caso de *Dapena* v. *Sucesión Dominicci*, supra, aplicando el artículo 306 del Código de Enjuiciamiento Civil, al revocar una sentencia después de celebrado un juicio en

la corte inferior, lo devolvimos diciendo que podían hacerse otras alegaciones "tanto en la demanda como en la contestación, haciendo que la misma sea más específica y planteando todos los puntos comprendidos en el caso;" si las nuevas Reglas de Enjuiciamiento Civil disponen que las alegaciones se interpretarán con el propósito de hacer justicia sustancial o que se concederá liberalmente permiso para enmendarlas cuando la justicia así lo requiera y si, por último, la tendencia moderna es que los pleitos se resuelvan por sus méritos y no a base de un mero tecnicismo o, como dijo el Juez Cardozo, refiriéndose entre otros casos, a la interpretación liberal de las alegaciones en casos civiles: "La ley ha salido ya de su primimtiva etapa de formalismo cuando la palabra precisa era el talismán soberano y cualquier desviación era fatal,"(3) somos de opinión que se cumplen mejor los fines de la justicia en este caso, sin que ello pueda significar perjuicio alguno para el apelante si las alegaciones de su petición de mandamus son ciertas, al efecto de que los cargos que le formularon eran exclusivamente por infracción a la ley de 1904, que el demandado apelado pueda tener la oportunidad que solicita de someter esta cuestión a la corte inferior o de enmendar su contestación, y que el caso pueda verse y resolverse en su fondo, si dicha corte cree que así procede.

En su consecuencia, *se deja sin efecto la sentencia dictada en este caso el 3 de diciembre de 1946 y en su lugar se dictará otra revocando la sentencia dictada por la corte inferior el 12 de marzo de 1946 y se devolverá el caso a dicha corte para ulteriores procedimientos.*

---

(3) Cardozo, *The Nature of Judicial Process*, pág. 100, *et seq.*, citado más ampliamente en *Crédito y Ahorro Ponceño* v. *Beveraggi*, 55 D.P.R. 649, 657, 658.