## Dapena *v.* Sucesión Dominicci.

### Apelación procedente de la Corte de Distrito de Ponce.

No. 98.—Resuelto en febrero 14, 1907.

Alegaciones—Casos en que la Parte Demandada Sea una Sucesión—Obligaciones—Aceptación de la Herencia.—Cuando la demanda se dirija contra una sucesión, deberá expresarse el nombre de cada uno de los herederos, ó darse alguna razón que justifique la omisión de dicho requisito, y si se trata de exigir el cumplimiento de una obligación contraída por el causante, deberá expresarse así mismo si los herederos recibieron herencia alguna del causante, y en caso afirmativo, si ha sido ó no á beneficio de inventario, y á falta de tal obligación, habrá de presumirse que los herederos aceptaron la herencia pura y simplemente, y si la aceptación fué á beneficio de inventario, deberá alegarse como materia de defensa.

Id.—Excepción Previa.—Una demanda que contenga en sus alegaciones las deficiencias que se observan en la de autos, y á que se refiere el párrafo anterior, será, no obstante, suficiente si no se hubiere interpuesto contra ella excepción previa especial ó general.

Mandato—Mandatario.—Impugnóse en el caso de autos la facultad de un mandatario para otorgar un pagaré en nombre de su mandante, con un poder en que se le autorizaba para administrar, dirigir y gobernar todos los bienes, derechos y acciones de su poderdante y los que en lo sucesivo pueda adquirir, atendiendo á su conservación y fomento, arrendándolos y ejecutando todos los actos propios de un celoso y entendido administrador, debiendo pagar las cargas, contribuciones, etc., y los sueldos y salarios de los peones y criados, confiriéndosele el poder más amplio y eficaz para que en todo lo referido, sus incidencias y dependencias, haga y practique sin limitación alguna, todo cuanto personalmente haría el otorgante. *Se resolvió* que aunque la facultad para tomar dinero á préstamo y otorgar pagarés como garantía de la deuda y en pago de efectos adquiridos, no le había sido expresamente conferida, estaba necesariamente incluída en las facultades que se le otorgaran para la administración general y gobierno de las propiedades del mandante.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Dapena.*

Abogado de los apelados: *Sres. Boerman y Llorens.*

El Juez Asociado Sr. MacLeary emitió la opinión del tribunal.

Esta es una demanda entablada con motivo de un pagaré por mil ciento cincuenta y dos pesos setenta y ocho centavos, moneda corriente provincial. Dicho pagaré fué otorgado en 30 de octubre de 1897 y venció el 31 de diciembre del mismo

año. La demanda fué presentada en 26 de mayo de 1906, y dice lo que sigue:

"El demandante ante la corte comparece y alega:

"1. Que Don Juan Antonio Dominicci y Santi, vecino que fué del pueblo de Guayanilla, y mayor de edad, otorgó en 30 de octubre del año 1897, á vencer el 31 de diciembre del mismo año, un pagaré á favor y orden de Don Luís Roig y Labrós, por la suma de mil ciento cincuenta y dos pesos, setenta y ocho centavos, moneda corriente provincial, procedente de efectivo y provisiones facilitádole al deudor, para refacción de sus fincas agrícolas; estipulándose el interés del doce por ciento en caso de mora.

"2. Que dicho pagaré no fué satisfecho á su vencimiento, ni posteriormente, permaneciendo aún insoluto en su totalidad.

"3. Que el Sr. Roig y Labrós trasmitió la propiedad de dicho pagaré al demandante Don Ramón Dapena, por valor recibido del mismo en 20 de mayo de 1906.

"4. Que el deudor Sr. Dominicci y Santi, falleció dejando como herederos á sus hijos, los demandados arriba mencionados, y á otros, cuyos nombres y residencia ignora el demandante, á pesar de gestiones practicadas al efecto.

"Por lo tanto, á la Honorable Corte suplica que, previos los trámites de ley, se sirva dictar sentencia, condenando á los demandados á pagar al demandante la cantidad de $1152.78, pesos moneda provincial, importe de la obligación, $1164.53 dollars de intereses, y las costas del pleito; formando capital é intereses, en oro americano, la suma de mil trescientos noventa dollars treinta y ocho centavos. Ponce, mayo 26 de 1906.—Ramón Dapena."

La contestación fue presentada el 5 de julio de 1906, y dice lo siguiente:

"Ante el Hon. Juez de la corte, los demandados, por medio de sus abogados que suscriben, comparecen y contestan la demanda en la siguiente forma:

"Negamos totalmente los hechos alegados en los apartados 1, 2 y 3 de la demanda que ahora contestamos; y solamente aceptamos como cierto lo contenido en el apartado 4 de dicho escrito con la adición de que Don Juan Antonio Dominicci no fué nunca deudor del demandante, ni de su cedente Don Luís Roig, por cuya razón tampoco son deudores sus herederos, los actuales demandados.

"Suplican á la corte que oportunamente se sirva dictar su sentencia, declarando sin lugar la demanda, absolviendo de ella á los demandados, é imponiendo al demandante las costas de este juicio. Respetuosamente.—Boerman y Llorens, abogados de los demandados."

La sentencia fue dictada el 4 de septiembre de 1906, y es como sigue:

"Pleito número 146.—*Ramón Dapena* v. *Sucesión de Juan Antonio Dominicci.* Cobro de dinero. En el término ordinario de· la Corte de Distrito del Distrito Judicial de Ponce, P. R., habiéndose visto en juicio este pleito, el treinta de agosto último, previo señalamiento en el calendario, en que comparecieron el demandante, en propia persona, y la sucesión demandada por su abogado Don Luís Llorens; ambas partes en plena sesión de la corte anunciaron estar dispuestas para juicio; y ésta, después de oír la demanda y su contestación, las pruebas presentadas y alegaciones de las partes, en su sesión de hoy, cuatro de septiembre de 1906, dicta sentencia, declarando que la ley y los hechos están en contra del demandante; y por tanto, debe declarar y declara sin lugar esta demanda con las costas al demandante, ascendentes á   *   *   *   Sentencia dictada en la ciudad de Ponce, P. R., á cuatro de septiembre de 1906."

A pesar de todo cuanto pueda decirse con respecto á la suficiencia de la demanda en el presente caso, no hubo excepción previa formulada contra ella; sino que la única alegación presentada fué la negativa absoluta de los párrafos 1, 2 y 3 de la demanda, y una limitada aceptación del párrafo 4, admitiendo el contenido del mismo, con la adición de que Don Juan Antonio Dominicci nunca fué deudor del demandante, ni ˙de su causa-habiente Luís Roig, y que por esta razón, los demandados, que son sus herederos,. no son deudores de dicho de‑mandante.

Es cierto que de la simple lectura de la demanda resultan aparentemente los defectos. Uno de los defectos principales consiste en que no se expresan los nombres de todos los herederos, ó el no dar razón alguna por la cual se hayan dejado de especificar dichos nombres; tampoco se expresa en ella que ellos recibieron una herencia de los bienes de su padre, ya

con ó sin el beneficio de inventario. A falta de tal alegación debe presumirse que los demandados que admiten ser los herederos de Juan Antonio Dominicci, habían recibido los bienes de su padre sin el beneficio de inventario, porque debe suponerse que ellos recibieron la propiedad, y si la recibieron con arreglo á inventario, es una cuestión de defensa que corresponde alegar á dichos demandados.

Considerando, pues, que la demanda es suficiente á falta de una excepción previa especial ó general, entraremos en los méritos del caso. La primer cuestión que se presenta en este caso es la que se refiere á la suficiencia del poder conferido por Juan Antonio Dominicci y Santi á su hijo Félix Dominicci y Dominicci, cuyo poder es de fecha 16 de marzo de 1892. ¿Autoriza dicho poder la ejecución y entrega del pagaré objeto de esta controversia? Las cláusulas, segunda y final son como siguen:

"Cláusula 1ª. Administre, dirija y gobierne todos los bienes, derechos y acciones que por cualquier título ó motivo posee en la actualidad el otorgante, ó pueda adquirir en lo sucesivo, sea cual fuere su procedencia; atienda á su conservación y fomento y los dé en arrendamiento por el tiempo y bajo el canon y condiciones que estime conveniente, lanzando los colonos y arrendatarios y colocando otros nuevos, cobrando sus rentas y productos y practicando, por último, todos los demás actos propios de un celoso y entendido administrador.

"Cláusula 2ª. Pague todas las cargas, contribuciones ú otros derechos á que se hallen afectos los bienes del exponente, así como los sueldos y salarios de sus peones y criados, recogiendo de todo ello los recibos y resguardos consiguientes.

"Cláusula final. Y por último, para que en todo lo referido, sus incidencias y dependencias, haga y practique sin limitación alguna todo cuanto personalmente haría el otorgante, pues el poder más amplio y eficaz que para ello necesitare, ese mismo le dá y confiere con libre, franca y general administración, etc."

En el caso de *Bozzo* v. *Bolívar,* resuelto por esta corte en 25 de enero de 1906, en la opinión se discute con alguna extensión la suficiencia del poder expresado en la misma,

para autorizar el otorgamiento de un pagaré, resolviéndose que el poder era suficiente. A pesar de que los términos usados en aquel documento eran quizás algo más fuertes que los del presente caso; pero examinadas cuidadosamente las cláusulas expresadas, se verá que se confiere autoridad bastante en el poder de que se trata para autorizar el pagaré objeto de este pleito. El apoderado tiene facultad para administrar, dirigir y manejar todas las propiedades, etc., que entonces eran de la propiedad del otorgante, ó que pudiera adquirir después, y se le exige que vele por la conservación y mejoramiento de dichas propiedades; estando autorizado para ejecutar todos aquellos actos que son de la incumbencia de un administrador celoso y práctico. La segunda cláusula le autoriza para que satisfaga todas las contribuciones, impuestos, etc., á los que está sujeta la propiedad, así como los salarios y jornales de los trabajadores y sirvientes. La tercera y última cláusula designa el documento como un poder general, otorgado al apoderado á fin de que éste haga y ejecute, sin limitación alguna, cada una y todas las cosas que el otorgante haría si estuviera presente personalmente, dándole el más amplio y efectivo poder para la administración de dichas propiedades en una forma libre, general é ilimitada.

Aunque el pedir dinero prestado y el otorgamiento de un pagaré para garantía de la cantidad prestada ó la compra de efectos y el contraer deudas y arreglo de las mismas por medio de un pagaré no se han mencionado de un modo especial, sin embargo, el poder para hacerlo está necesariamente comprendido en la dirección y administración general de las propiedades, y el apoderado, de acuerdo con la autoridad conferídale podía contraer la deuda y otorgar el pagaré. Creemos suficiente el poder para facultar al apoderado á otorgar, ejecutar y entregar el pagaré objeto del presente litigio.

Pero por cuanto en otro juicio pueden hacerse otras alegaciones, tanto en la demanda como en la contestación, haciendo que la misma sea más específica y planteando todos los

puntos comprendidos en el caso, y siendo muy escasos los hechos y la prueba, esta corte no debe dictar sentencia alguna, resolviendo en definitiva el caso.

Por los errores indicados en la sentencia de la corte inferior, debe revocarse dicha sentencia, devolviéndose la causa para que se celebre nuevo juicio de acuerdo con los principios enunciados en esta opinión.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández y Figueras.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.