LA SUCESIÓN DE JOSÉ S. MANDÉS CINTRÓN, compuesta de su Viuda MARÍA ORTIZ MUÑOZ, su hijo legítimo JOSÉ S. MANDÉS ORTIZ y sus hijos naturales reconocidos JOSÉ JUAN y JOSÉ ALEJANDRO MANDÉS, demandante-apelada-apelante, v. LA SUCESIÓN DE ALFONSO G. AGÜERO VÁZQUEZ, compuesta por su Viuda ADELINA CAPÓ NÚÑEZ y los hijos legítimos MARÍA ADELINA, ROSA DOLORES, ALFONSO MARÍA, ADELINA DEL CARMEN y ALBERTO RAFAEL AGÜERO CAPÓ, demandada-apelante-apelada.

No. 5090.—*Sometido:* Abril 30, 1930. *Resuelto:* Julio 22, 1931.

*Tous Soto & Zapater,* abogados de la demandada-apelante; *R. Rivera Zayas* y *A. L. López,* abogados de la demandada-apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En este caso el 15 de agosto de 1928 la Corte de Distrito de San Juan dictó sentencia declarando sin lugar la demanda por creer que los demandantes no tenían derecho a recobrar ciertas propiedades adjudicadas a los demandados en un procedimiento ejecutivo hipotecario. Previa vista de una moción de reconsideración la corte resolvió que los demandantes tenían derecho a dos de los ocho predios de terreno, toda vez que no estaban incluídos en el procedimiento hipotecario. No estaba envuelta cuestión alguna de nulidad del procedimiento hipotecario por ese fundamento. Los demandantes apelaron sobre la teoría de que les asistía el derecho a recobrar los ocho predios de terreno. Los demandados apelaron señalando como error el que se concediera a los demantantes parte alguna de los terrenos. Designaremos a las partes tal cual fueron conocidas en la corte inferior.

Mandés compró propiedades de varias personas. Otorgó

hipoteca sobre algunas de ellas. En un procedimiento ejecutivo, los acreedores Passalacqua Hnos. & Cía. obtuvieron la buena pro en la venta de la propiedad hipotecada, que se suponía incluir ocho predios. Las fincas adquiridas fueron vendidas en 1911 a Adelina Capó Núñez en su propia representación y la de sus menores hijos. Posteriormente la venta hubo de ser ratificada, y lo fué, por los Sucrs. de Passalacqua Hnos. & Cía. La ratificación se hizo porque cuando la escritura de las fincas fué otorgada la referida firma se había disuelto.

■■ Los demandantes, viuda y herederos de Mandés, atacan el procedimiento ejecutivo por dos fundamentos a saber, en orden de importancia, que no se hizo parte a uno de los herederos de Mandés, y que al tiempo de la venta en ejecución Passalacqua Hnos. & Cía. no era dueña del crédito hipotecario.

Los demandados, en contestación al primer reparo mencionado alegaron varios hechos. Uno de éstos fué que todos los procedimientos ejecutivos no estaban ante la corte en el presente caso, y por tanto no podía saberse si el pretendido heredero había sido o no debidamente llevado al procedimiento ejecutivo. Los demandantes respondieron que en su demanda ellos alegaron la ausencia de tal heredero y que el hecho así alegado no fué suficientemente negado por la contestación. La réplica de los demandados es que la alegación de la demanda fué que no se hizo parte a dicho heredero; que un procedimiento ejecutivo sumario es de tal naturaleza que no hay partes. Estamos dispuestos a resolver según lo hemos hecho en otros casos que una contestación que no niega, admite hechos, pero también es cierto que tal contestación sólo admite hechos bien alegados y no aquéllos que el que alega quiso exponer. En otras palabras, que la contestación no admitió que la debida citación o requerimiento no se hizo al referido heredero de Mandés. De suerte que los demandados quedaron en el juicio en libertad de basarse en cual-

quier hecho o presunción que pudiera ayudar a su caso. Estamos conformes con los demandados en que no se demostró la falta de tal citación o requerimiento. Según dicen los demandados semejante citación o requerimiento no es para que el deudor comparezca ante la Corte, sino para que pague. Estrictamente hablando no hay partes demandadas.

■ Éste es un caso en que los procedimientos tuvieron lugar en 1903 cuando el Código de Enjuiciamiento Civil Español estaba aún en vigor. La corte inferior resolvió que un requerimiento al alegado heredero menor de edad no era necesario, y trató de hacer distinción del caso de *Arvelo* v. *Banco Territorial y Agrícola,* 25 D.P.R. 728. En ese caso resolvimos que la notificación de la citación o el requerimiento a una viuda en posesión de la patria potestad, era insuficiente para afectar a los herederos, a menos que, en efecto, el requerimiento se le hiciera como tal madre. En el presente caso no sabemos cómo se hizo el requerimiento a la madre. La corte y los demandados insisten en que de acuerdo con el sistema español la notificación a un menor era una herejía, y estamos inclinados a convenir en ello, pero de todos modos no tenemos lo bastante en los autos que nos justifique en resolver que el requerimiento no fué debidamente hecho.

■ Se alegó en la demanda que al tiempo del procedimiento ejecutivo Passalacqua Hnos. & Cía. había cedido su crédito hipotecario a varias personas de apellido Passalacqua. Se trató posteriormente de rescindir la cesión, o fué en realidad así rescindida. Estamos convencidos de nuestro examen del récord que al tiempo en que los demandados o sus derechohabientes adquirieron de Passalacqua Hnos. & Cía. nada había en el Registro de la Propiedad que demostrara que Passalacqua Hnos. & Cía. no era dueño del crédito hipotecario y continuaba siéndolo. Así, pues, los demandados o sus sucesores en título podían comprar válidamente. *Torres* v. *Lothrop,* 231 U. S. 171; el mismo caso en 16 D.P.R. 180. Se hizo una inscripción del traspaso, pero fué posteriormente.

Tenemos la idea, además, de que los referidos cesionarios plenamente consintieron la venta hecha a nombre de sus cedentes, aun cuando no se llevara a cabo oportunamente una rescisión formal. Para cualquier fin práctico o legal, aun suponiendo que los demandantes sabían de la cesión, la venta de los bienes hipotecados tuvo lugar a nombre de los verdaderos acreedores. No hemos pasado por alto el hecho, recalcado por los demandados, de que se alegó que la cesión era nula en virtud del artículo 1362 del Código Civil, toda vez que se trataba de una venta a miembros de la firma. De acuerdo con los demandantes no podía inscribirse la cesión por ese motivo.

No habiendo obtenido una inscripción, los cesionarios no tenían derecho a iniciar un procedimiento ejecutivo.

■ Generalmente, cuando una persona suscita una cuestión de falta de título de esta índole, acecha en lontananza la posibilidad de un pleito por el verdadero dueño. Aquí, sin embargo, hay un completo impedimento (*estoppel*) contra todos los alegados cesionarios que en realidad o rescindieron la cesión a tiempo o consintieron la venta en ejecución. Si los deudores hubieran pagado a Passalacqua Hnos. & Cía., no podrían ser sometidos con éxito a un pleito posterior.

■ El tercer señalamiento de error de los demandantes se refiere a la escritura de ratificación por los liquidadores de la venta hecha por Passalacqua Hnos. & Cía. a los demandados o sus derechohabientes. Estamos inclinados a convenir con los demandados en que los liquidadores tenían tal derecho.

Sin embargo, si el procdimiento ejecutivo era válido, los demandantes no tienen ulterior interés en lo que sucedió después del mismo. Entonces, ellos nada tenían que ver con los demandados ni con la relación de éstos con Passalacqua Hnos. & Cía. Es innecesario considerar las otras defensas de los demandados.

■ Llegamos ahora a la apelación de los demandados.

No hallamos que los dos predios excluídos formaran parte de las propiedades hipotecadas, y esto se podía averiguar fácilmente del registro. Al comprar de Passalacqua Hnos. & Cía. los demandados estaban obligados a conocer e identificar los terrenos enajenados. La presunción de título que surge de su posesión y la continuación de ésta fué destruída por el registro. No obstante su buena fe, ningún justo título podía surgir en su favor. Estamos convencidos por lo que han demostrado los demandantes de que los terrenos en cuestión no estaban incluídos en la hipoteca.

██ Los demandados alegaron que la corte no tenía derecho a reconsiderar la sentencia. No tenemos duda de que la corte puede reconsiderar su sentencia por lo menos dentro del término, y posteriormente en ciertos casos; que una moción es bastante, y que una moción de nuevo juicio no es el único remedio; que una corte, en bien de la justicia cuando no ha transcurrido mucho tiempo, no tiene que esperar una revocación.

*Debe confirmarse la sentencia apelada.*