THE FEDERAL LAND BANK OF BALTIMORE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 913.—*Sometido:* Febrero 7, 1934. *Resuelto:* Marzo 8, 1934.

*Frank Martínez, E. Campos del Toro* y *S. García Díaz,* abogados del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Dueño Nicolás Cuebas Lugo de una finca de doce cuerdas situada en Las Marías, la hipotecó al Federal Land Bank of Baltimore para responder de la cantidad de trescientos dólares que le tomara a préstamo. No se verificó el pago a tiempo y el acreedor decidió hacerlo efectivo por la vía judicial, escogiendo para ello el procedimiento sumarísimo que autoriza la Ley Hipotecaria.

Como el deudor hubiera fallecido y el acreedor desconociera quiénes eran sus herederos, designó a éstos con los nombres de "Fulano y Zutano de Tal" y pidió a la corte que ordenara que se les requiriera de pago por medio de edictos. Accedió a ello la corte y los edictos se publicaron en un periódico de la localidad.

Transcurrido el término de la citación sin que el pago se verificara, el banco pidió a la corte que ordenara la venta de la finca hipotecada en pública subasta. Así lo hizo la corte, verificándose la venta el 29 de diciembre de 1933 al propio

banco qué fué el único postor y ofreció por ella la suma de cien dólares.

Presentada para su inscripción la escritura otorgada haciendo constar el contrato, causó la siguiente nota:

"INSCRITA la compraventa en pública subasta que comprende el documento que precede que es la escritura número uno, otorgada en esta ciudad de Mayagüez, a 2 de enero en curso, ante el notario Ledo. Rafael Augusto Saliva y Sacarello, al folio 168 del tomo 46 de Las Marías, finca número 1032 duplicado, inscripción décima, con los defectos subsanables de no expresarse en la escritura las personas que componen la sucesión demandada, y de no haberse acreditado el carácter y facultades de Josefina Francisco de Mari para aceptar el contrato a nombre y como apoderada del banco adquirente."

No conforme el banco con la anotación del defecto subsanable de no expresarse en la escritura las personas que componen la Sucesión demandada, interpuso el presente recurso gubernativo y argumentando su caso dice, por medio de sus abogados:

"El artículo 94 del Código de Enjuiciamiento Civil autoriza la citación por edictos entre otros casos cuando se ignora el domicilio de la persona que debe ser citada.

"En este caso el recurrente y ejecutante en el ejecutivo sumario ya referido ignoraba los nombres y las personas que componían la sucesión demandada e ignoraba asimismo el domicilio de dichas personas.

"Esta situación de hecho se expuso ante el Tribunal y éste declarando probados dichos hechos, autorizó que se requiriera de pago a Fulano y Zutano de Tal, herederos desconocidos de Nicolás Cuebas Lugo. Mediante el procedimiento autorizado por el artículo 94 del Código de Enjuiciamiento Civil y siguientes, el ejecutante y aquí recurrente, requirió de pago a la sucesión desconocida de Nicolás Cuebas y sometió a la jurisdicción de la Corte de Distrito de Mayagüez, a las personas componentes de la dicha sucesión, que lo son Fulano y Zutano de Tal.

"¿Cómo es posible que habiendo el recurrente acreditado ante la Corte de Distrito mediante el dicho procedimiento de ley que los herederos de Nicolás Cuebas eran Fulano y Zutano de Tal diga el registrador en su nota que no se expresa en la escritura qué personas componen la sucesión demandada?

"De aceptarse el razonamiento del registrador estaría de más el procedimiento establecido por el artículo 94 del Código de Enjuiciamiento Civil y nunca podría adquirir un acreedor hipotecario que ejecuta una hipoteca contra una sucesión un título libre de defectos, cuando no conoce los nombres y residencias de los miembros de la sucesión.

"El registrador exige una imposibilidad. Pide lo que la ley no exige en casos de esta naturaleza; y le pide al ejecutante que haga aquello de lo cual fué eximido por la Corte de Distrito por haber demostrado que le era imposible hacerlo."

Cita el registrador en apoyo de su nota el caso de *Arvelo et al.* v. *Banco Territorial y Agrícola de Puerto Rico,* 25 D.P.R. 728, 736. En él dijo esta corte:

"Los derechos a la sucesión de una persona se transmiten desde el momento de su muerte. Artículo 657 del Código Civil de 1889. La sucesión se defiere por la voluntad del hombre manifestada en testamento, y, a falta de éste, por disposición de la ley. Artículo 658. Los herederos suceden al difunto por el solo hecho de su muerte en todos sus derechos y obligaciones. Artículo 661. Los artículos transcritos concuerdan con los 665, 666 y 669 del Código Civil Revisado.

"La sucesión como persona jurídica no existe en nuestro derecho. Cabe que una sucesión sea parte demandante o demandada; pero para ello es necesario que se particularice e individualice expresando los miembros que la componen. No es una entidad legal independiente de los herederos. Estos son los que la determinan, y son los que deben aparecer como demandantes o demandados.

"Al resolver el caso de Dapena v. Sucesión Dominicci, 12 D.P.R. 66, dijo esta corte que cuando la demanda se dirige contra una sucesión, debe expresarse el nombre de cada uno de los herederos o darse alguna razón que justifique la omisión del dicho requisito; y congruente con esa doctrina, al resolver el caso de Orcasitas v. El Registrador, 21 D.P.R. 553, se expresó en los términos siguientes: 'Estamos de acuerdo con el registrador en que si era necesaria la notificación o citación a la indicada sucesión,. debió haberse hecho constar quiénes la componían, con el objeto de que dicho registrador pudiera determinar si dicha notificación fué hecha en forma adecuada.'"

Inscrita como ha sido la finca, debemos limitarnos a resolver la única cuestión que por el defecto apuntado se suscita, y resolviéndola opinamos que no tiene razón el regis-

trador. El procedimiento no se instó contra la Sucesión de Nicolás Cuebas Lugo como entidad separada, como persona jurídica distinta, si que siguiendo la regla establecida en el caso de *Dapena* v. *Sucesión Dominicci,* 12 D.P.R. 66, citado en el de Arvelo, supra, se expresó que estaba compuesta de determinadas personas que siendo desconocidas para el actor fueron por él designadas con los nombres de "Fulano y Zutano de Tal". Y ello es generalmente bastante. Si el requerimiento se hizo o no cumpliendo con lo exigido por la Ley Hipotecaria, artículo 128, y su Reglamento, artículo 171, es cuestión que no está ante nosotros.

*Debe revocarse la nota recurrida en la parte en que lo ha sido.*

El Juez Asociado Señor Wolf disintió.*