The Federal Land Bank of Baltimore, recurrente, *v.* El Registrador de la Propiedad de Ponce, recurrido.

Núm. 984.—*Sometido:* Enero 9, 1937. *Resuelto:* Enero 15, 1937.

*Frank Martínez, Sebastián García Díaz* y *A. Barceló, Jr.,* abogados del recurrente; el registrador recurrido no compareció.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Ponce la venta judicial hecha por James M. Johnson, como "Special Master" nombrado por la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, y The Federal Land Bank of Baltimore, representado por su "Assistant Manager" Charles Stewart Graham, constante en escritura pública otorgada en noviembre 12, 1936, ante el Abogado-Notario Antonio R. Barceló Jr., causó la siguiente nota:

"Inscrito el presente documento pero limitándose a la cabida que le resulte a la finca, después de deducirse de la que se le atribuye en este documento, dos parcelas de sesenta y nueve céntimos y sesenta y un céntimos, segregadas y vendidas a El Pueblo de Puerto Rico, con respecto a las cuales se deniega la inscripción ..... , con el defecto subsanable de no acreditarse que Arnaldo Ruiz Morazani, y Teresa y Minica Ruiz Gutiérrez sean los herederos conocidos de Carmen Luisa Gutiérrez González. . . . "

No conforme The Federal Land Bank con el defecto subsanable apuntado, recurrió para ante este Tribunal pidiéndole que revoque la nota en cuanto al mismo. Notificado el registrador, no ha presentado alegato.

La venta judicial de que se trata se llevó a efecto en la ejecución de una sentencia dictada por la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico en un pleito seguido ante ella por The Federal Land Bank en cobro de cierto crédito garantizado con hipoteca. Habiendo fallecido uno de los deudores—Carmen Luisa Gutiérrez González—, se demandó a "John Doe y Richard Roe" como a sus herederos desconocidos, citándoseles por edictos. Aun más, como el demandante se enterara de la existencia

del esposo y de dos hijos de la dicha deudora, los hizo emplazar personalmente, dejando ellos de comparecer en el pleito.

No se sostiene por el registrador que la citación por edictos no se hiciera conforme a ley. Y si se hizo en debida forma era suficiente, de acuerdo con lo resuelto en el caso de *The Federal Land Bank of Baltimore* v. *Registrador de Mayagüez,* 46 D.P.R. 279, 282, a saber:

"El procedimiento no se instó contra la Sucesión de Nicolás Cuebas Lugo como entidad separada, como persona jurídica distinta, si que siguiendo la regla establecida en el caso de *Dapena* v. *Sucesión Dominicci,* 12 D.P.R. 66, citado en el de *Arvelo,* supra, se expresó que estaba compuesta de determinadas personas que siendo desconocidas para el actor fueron por él designadas con los nombres de 'Fulano y Zutano de Tal'. Y ello es generalmente bastante."

El hecho de que habiendo llegado a conocimiento del demandante la existencia de algunas personas que pudieran ser herederos, así lo hiciera constar, y los hiciera emplazar personalmente, no debe empeorar su situación. Conviene no perder de vista que aquí se trata del cobro de una deuda garantizada con hipoteca y que la finca que se vendió judicialmente para satisfacer el crédito fué la expresamente gravada para ello.

*Debe declararse con lugar el recurso y en su consecuencia ordenarse la inscripción sin el defecto apuntado.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.