MERCEDES SANTOS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1099.—*Sometido:* Marzo 7, 1942. *Resuelto:* Marzo 13, 1942.

136

*Andrés Ruiz, Jr.*, abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Por escritura pública otorgada el 6 de septiembre de 1941 en Mayagüez ante el notario Lic. Andrés Ruiz, Jr., el Márshal de la Corte de Distrito de Mayagüez vendió a Mercedes Santos una finca urbana por haber sido ella el único postor en la subasta pública celebrada por dicho funcionario cumpliendo orden al efecto librada en el procedimiento ejecutivo sumario hipotecario seguido por dicha Mercedes Santos contra Juan José Suárez y la Sucesión desconocida de Felipa Jiménez. Presentada dicha escritura al Registrador de la Propiedad de Mayagüez para su inscripción el registrador la denegó por los fundamentos expresados en la siguiente nota:

"Denegada la inscripción solicitada por observarse que según consta del Registro la finca hipotecada aparece inscrita a nombre de Felipa Jiménez, casada con Juan José Suárez, habiéndose instado el procedimiento sobre ejecución de hipoteca contra Juan José Suárez y la sucesión desconocida de Felipa Jiménez, John Doe y Richard Roe (cuyo fallecimiento no se menciona) sin que conste que los herederos de dicha Felipa Jiménez fueran citados, requeridos de pago,

ni apercibidos, en forma alguna, habiéndose observado además que el edicto publicado para el remate de la referida finca se expidió con fecha veintidós de agosto de 1941 y anunciada la subasta que habría de celebrarse para el 16 de agosto del mismo año o sea para tener lugar seis días antes de haberse expedido el referido edicto, todo ello al folio 46 vuelto del tomo 134 de Mayagüez, finca 5158 anotación 'A' tomada por el término legal. Mayagüez, a 22 de enero de 1942.''

El segundo motivo de la denegatoria quedó eliminado por la rectificación que se hizo ante el registrador en cuanto a las fechas indicadas, subsistiendo únicamente el primero que ha sido objeto de este recurso gubernativo interpuesto por Mercedes Santos.

Según hace constar el registrador recurrido en su nota, la finca hipotecada, objeto del procedimiento ejecutivo sumario ante la Corte de Distrito de Mayagüez, aparece inscrita en el registro a nombre de Felipa Jiménez, casada con Juan José Suárez. Empero, dicho procedimiento se instó contra Juan José Suárez y la Sucesión desconocida de Felipa Jiménez, John Doe y Richard Roe y en la orden de subasta dictada por la corte se hace constar lo siguiente:

''Vista la moción de la ·demandante solicitando que se ordene la venta en pública subasta de la finca hipotecada por no haber satisfecho la parte demandada las sumas reclamadas dentro del término legal, *y apareciendo de los autos de este caso que el demandado Juan José Suárez, quien está en posesión de la finca hipotecada y al frente de la misma como dueño, fué requerido personalmente por el Márshal de esta Corte de Distrito,* sin que aparezca que se haya presentado escritura de cancelación con la correspondiente nota de inscripción en el Registro de la Propiedad, ni certificación de dicho Registro creditiva de haber sido cancelada la hipoteca objeto de este procedimiento, la corte, ordena que, previa la publicación de los correspondientes edictos, y por el término de ley, se venda en pública subasta, la finca hipotecada, . . . etc.'' (Bastardilla nuestras.)

La cuestión a resolver es si, aceptando el hecho del fallecimiento de Felipa Jiménez, dueña de la finca hipotecada, es suficiente el requerimiento hecho a su esposo Juan José Suá-

rez, por estar en posesión y al frente de la finca y sin que aparezca que los herederos de dicha Felipa Jiménez fueran citados, requeridos de pago o apercibidos en forma alguna, en el procedimiento ejecutivo sumario.

La recurrente acepta como hecho cierto que la finca está inscrita en el Registro de la Propiedad a nombre de Felipa Jiménez, casada con Juan José Suárez, pero sostiene que el requerimiento hecho al viudo es suficiente y válido de acuerdo con el artículo 128 de la Ley Hipotecaria y el 171 del Reglamento para su ejecución, y al efecto trata de distinguir lo resuelto por este Tribunal en el caso de *Arvelo et al.* v. *Banco Territorial y Agrícola de Puerto Rico,* 25 D.P.R. 728 aplicando dichos artículos y cita por último el caso de *Sucn. Mandés* v. *Sucn. Agüeros,* 42 D.P.R. 684.

En cuanto a este último caso se refiere, no vemos qué aplicación puede tener al de autos, pues lo único que en él se resolvió fué que en los ejecutivos sumarios la citación o requerimiento no es para que el deudor comparezca ante la corte, sino para que pague, y que estrictamente hablando no hay partes demandadas. Aquella parte de la cita que hace el recurrente, tomándola del sumario, al efecto de que en un procedimiento sumario hipotecario no hay partes demandadas "que necesiten ser notificadas del mismo" no consta en la opinión, ni podría ser así, pues siempre hay que cumplir con el requisito del requerimiento o notificación al deudor, de acuerdo con el artículo 128 de la Ley Hipotecaria que, en lo pertinente dispone:

"Artículo 128.—.

"Se requerirá al deudor de pago si residiere en el lugar en que radica la finca y se supiere su domicilio; bastará en otro caso que se requiera al que se halle al frente de la finca en cualquier concepto legal, a fin de que ponga en conocimiento del dueño la reclamación."

Pasemos a considerar el asunto en su fondo.

■ Llama la atención el registrador recurrido hacia el hecho de que en la orden dictada por la Corte de Distrito de

Mayagüez, supra, se hace constar que Juan José Suárez está en posesión de la finca hipotecada y al frente de la misma *como dueño* y que tal afirmación no consta del registro, pues, como hemos visto, la finca aparece inscrita a nombre de Felipa Jiménez casada con Juan José Suárez.

Aceptando como un hecho cierto que la finca pertenecía a la sociedad de gananciales, no podemos presumir que el viudo Juan José Suárez sea el único heredero de Felipa Jiménez, y el hecho de que sea un condueño de la propiedad no le convierte en el dueño de la finca con la mera alegación en el ejecutivo sumario de que se desconoce la sucesión de Felipa Jiménez.

El artículo 171 del Reglamento para la ejecución de la Ley Hipotecaria dispone, en parte, lo siguiente:

" . . . Cuando alguno de los que hayan de ser requeridos de pago no residiere en el término municipal donde radique alguno de los bienes, el requerimiento se entenderá con la persona que se halle al frente de la finca en cualquier concepto legal, a fin de que lo ponga sin dilación en conocimiento del dueño. . . . "

Interpretando y aplicando los artículos 128 y 171, supra, se resolvió por esta Corte, en el mencionado caso de *Arvelo* v. *Banco,* lo siguiente:

"Como se ve, siendo Hilario Arvelo, según el registro, el dueño de la finca hipotecada a favor del Banco Territorial y Agrícola, con él por precepto terminante de la ley debía entenderse el requerimiento de pago, si residía en el barrio de Jayuya del término municipal de Utuado en que radicaba la finca y se sabía su domicilio: pero habiendo ocurrido la muerte de Arvelo antes de iniciarse el procedimiento sumario hipotecario, ¿se estaba en el caso de requerir de pago al que se hallare al frente de la finca en cualquier concepto legal? Opinamos que no.

"Es claro que muerto Arvelo no podía ser requerido de pago; pero su personalidad continuaba en sus herederos, quienes le sustituían en todos sus derechos así activos como pasivos transmisibles, y debían por tanto ser los requeridos de pago, pudiendo excusarse el requerimiento personal sólo en el caso de que no residieran en el

lugar de radicación de la finca hipotecada y se ignorara su domicilio.''

''  *  *  *  *  *  *  *

''Los preceptos legales que se dejan citados, al autorizar el requerimiento de pago en la persona que se halle al frente de la finca en cualquier concepto legal, no se refieren al caso en que el deudor hubiere fallecido sino al caso de que éste no residiere en el término municipal, y además, en caso de muerte del deudor la persona encargada de la finca no podría dar conocimiento del requerimiento al dueño de ella que ha dejado de serlo por su muerte pasando el dominio a sus herederos.

''El pago incumbía por fallecimiento de Hilario Arvelo a sus herederos quienes bajo concepto alguno fueron requeridos de pago ni personalmente ni por medio de apoderado o arrendatario y de ahí que habiéndose practicado el requerimiento en la persona que estaba encargada de la finca debió publicarse ese requerimiento por medio de edictos según dejamos indicado. Pero es que aunque tal publicación se hubiera hecho el requerimiento no hubiera perjudicado a los herederos de Arvelo por falta de las condiciones necesarias para que pudiera prescindirse del requerimiento personal.''

Como hemos dicho, la recurrente trata de distinguir este caso del de autos por el hecho de que en el de *Arvelo* se notificó únicamente a la viuda, que estaba al frente de la finca, y no a los herederos de Arvelo a pesar de que se conocía quiénes eran y que vivían en la misma jurisdicción, y no se alegó en el procedimiento sumario que se ignoraba quiénes constituían la sucesión, como se hizo en el caso de autos.

El argumento resulta especioso. La mera alegación de que se desconocía la sucesión de Felipa Jiménez no está bien fundada de acuerdo con los hechos. Si la finca aparecía inscrita a nombre de Felipa Jiménez casada con Juan José Suárez, la dueña con título inscrito y deudora era la sociedad conyugal. *Cortés et al.* v. *Díaz et al.,* 31 D.P.R. 454, 461. Siendo esto así, el viudo, Juan José Suárez, era un heredero forzoso, de acuerdo con el inciso 3 del artículo 736 del Código Civil, en la forma y medida que establecen los artículos 761 y siguientes del mismo Código; y asumiendo que no existieran otros herederos de Felipa Jiménez, dicho viudo

podría hasta ser el único heredero de acuerdo con el artículo 909. De manera que, en cuanto a Juan José Suárez, la recurrente no podría alegar que desconocía que él formaba parte, en la proporción que pudiera corresponderle en la herencia, de la sucesión de Felipa Jiménez. Sin embargo, a él no se le demandó y requirió en el procedimiento sumario en dicho carácter, ni tampoco se le requirió como apoderado o arrendatario que tuviera a su cargo la finca y por tanto el requerimiento, en cuanto a aquellos herederos de Felipa Jiménez que pudieran ser desconocidos para la recurrente, debió haberse hecho mediante la publicación de los edictos que requiere el artículo 171 del reglamento, y en cuanto a Juan José Suárez como condueño y miembro de dicha sucesión.

██ Alega además la recurrente que, en todo caso la publicación del edicto de subasta, según aparece de la escritura de venta judicial, es suficiente información y notificación a los herederos de Felipa Jiménez que eran desconocidos para ella. En el caso de *Cortés* v. *Díaz,* supra, resolvimos que la falta del requerimiento de pago no es una mera cuestión de procedimiento y sí jurisdiccional que no es curada por la publicación del edicto de venta. Tratando aspectos similares al caso de autos, se dijo:

"Al argumentar el segundo señalamiento declaran los apelantes que aceptan sin discusión la doctrina establecida por esta corte en el caso de *Arvelo* v. *Banco Territorial y Agrícola,* 25 D.P.R. 728, pero tratan de diferenciarlo debido a la circunstancia de que en el presente caso el marido, dueño según el registro y deudor hipotecario de la propiedad en cuestión, estaba vivo en la fecha del procedimiento sumario, y por tanto que no era necesario ningún requerimiento a los herederos de la esposa fallecida.''

"     *     *     *     *     *     *     *

"La mera circunstancia de que aquí el esposo sobreviviera a la esposa mientras que en el caso de Arvelo fué la esposa la que sobrevivió al marido, no es bastante para diferenciar el presente caso en cuanto a los hechos. Aparte de la simple cuestión de administración, hay poca o ninguna diferencia entre el interés de los respectivos esposos en los bienes pertenecientes a la sociedad conyugal.

Es verdad que en la fecha de la hipoteca, un año antes de la revisión del Código Civil, no era necesario la firma y el consentimiento expreso de la esposa. *Pero no es cierto que el marido era el único y exclusivo dueño con título inscrito y deudor.* Tanto la inscripción como la hipoteca revelaban que él era casado, y por tanto que la propiedad era ganancial. La dueña con título inscrito y deudora era la sociedad conyugal. Y a la muerte de cualquiera de los esposos una mitad indivisa en todos los bienes de la comunidad, sujeta solamente a ciertas contingencias que pudieran o no surgir en el curso de la liquidación, pasa en seguida a los herederos del cónyuge fallecido.

La alegación de que el requerimiento de pago es una *mera cuestión de procedimiento y no jurisdiccional no requiere seria consideración.* La contestación a esto puede verse en el caso de *Arvelo* v. *Banco,* supra, y en el de *López Comas* v. *Quiñones,* 30 D.P.R. 342.

Toda vez que la publicación del edicto anunciando la venta, *por regular que fuera no podía suplir la falta de jurisdicción sobre la persona,* el error apuntado en el tercer señalamiento, de haberse cometido, no perjudicaba.'' (Bastardillas nuestras.)

Asimismo, en el caso de *Irizarry et al.* v. *Bartolomey,* 32 D.P.R. 924, 928, se resolvió, y citamos del sumario, que:

''Cuando los bienes hipotecados son gananciales y la demanda de ejecución se presenta después del fallecimiento de los cónyuges, el procedimiento y la adjudicación de los bienes hipotecados son nulos en cuanto a los herederos de ambos cónyuges que no fueron demandados en la representación que ostentaban.''

En el caso de *Federal Land Bank* v. *Registrador,* 50 D.P.R. 825, al ratificar uno anterior, en relación con la citación por edictos de ''John Doe y Richard Roe'' que componían una sucesión desconocida, se resolvió por esta Corte, por opinión de su Juez Presidente Sr. Del Toro, lo siguiente:

''La venta judicial de que se trata se llevó a efecto en la ejecución de una sentencia dictada por la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico en un pleito seguido ante ella por The Federal Land Bank en cobro de cierto crédito garantizado con hipoteca. Habiendo fallecido uno de los deudores—Carmen Luisa Gutiérrez González—, se demandó a 'John Doe y Richard Roe' como a sus herederos desconocidos, *citándoseles por edictos.*

Aun más, como el demandante se enterara de la existencia del esposo y de dos hijos de la dicha deudora, los hizo emplazar personalmente, dejando ellos de comparecer en el pleito.

"No se sostiene por el registrador que la citación por edictos no se hiciera conforme a ley. *Y si se hizo en debida forma era suficiente,* de acuerdo con lo resuelto en el caso de *The Federal Land Bank of Baltimore* v. *Registrador de Mayagüez,* 46 D.P.R. 279, 282, a saber:

" 'El procedimiento no se instó contra la Sucesión de Nicolás Cuebas Lugo como entidad separada, como persona jurídica distinta, si que siguiendo la regla establecida en el caso de *Dapena* v. *Sucesión Dominicci,* 12 D.P.R. 66, citado en el de *Arvelo,* supra, se expresó que estaba compuesta de determinadas personas que siendo desconocidas para el actor fueron por él designadas con los nombres de 'Fulano y Zutano de Tal'. Y ello es generalmente bastante.' " (Bastardillas nuestras.)

■ Apareciendo de la faz del documento presentado al Registrador que la Corte de Distrito de Mayagüez actuó sin jurisdicción en el procedimiento ejecutivo sumario iniciado por la recurrente, por no haberse notificado el requerimiento de pago en forma legal, estaba facultado el recurrido, de acuerdo con el artículo 18 de la Ley Hipotecaria, para inquirir en cuanto a la jurisdicción con que fué dictada la resolución judicial en dicho caso, ordenando la venta de la finca hipotecada en pública subasta sin haberse cumplido con dicho requisito. *Ferraioli* v. *Registrador,* 21 D.P.R. 503; *Zayas* v. *Registrador,* 36 D.P.R. 785.

*Debe confirmarse la nota recurrida.*