PRÁXEDES SANTIAGO ALONSO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1272.—*Sometido:* Enero 2, 1951. *Resuelto:* Enero 24, 1951.

*José C. Jusino,* abogado del recurrente; el Registrador recurrido compareció por escrito.

· EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

De la escritura sobre compraventa judicial otorgada por el Márshal de la Corte de Distrito de Guayama el día 4 de agosto de 1926 ante el notario Miguel Guzmán Texidor aparecen los siguientes hechos: qué Práxedes·Santiago Alonso, quien había adquirido por cesión un crédito hipotecario constituído por la suma de $760.87 más intereses y $150 para costas y honorarios, por Segundo Pedraza y su esposa Paula Josefa Delgado, inició procedimiento ejecutivo sumario para su cobro, ante la Corte de Distrito de Guayama, contra Segundo Pedraza y la sucesión de Paula Josefa Delgado compuesta de sus hijos legítimos nombrados Eusebio, Eugenia, Marcelina, María, Valeriana, Anastacia y Juan Isabel Pedraza Delgado y sus nietos legítimos Félix, Domingo, América, Eligio y Juana María Pedraza Fonseca, menores de edad bajo la patria potestad de su madre Julia Fonseca; que la corte ordenó fueran requeridos los deudores, haciéndose constar en la orden que debían requerirse los deudores que se hallaren al frente de la finca hipotecada o residieran en Cidra y en defecto de éstos a la persona que se hallare al frente de la finca en cualquir concepto legal; que en cumplimiento de dicha orden el Márshal se trasladó al barrio Bayamón de Cidra el 2 de junio de 1926 y requirió de pago personalmente a Segundo Pedraza y a Juan Isabel, Anastacia, Valeriana y María Pedraza, siendo dichas personas las que estaban al frente de la finca hipotecada; que no habiendo los demandados pagado al demandante la suma reclamada después de vencido el término de treinta días, el demandante solicitó de la corte expidiera mandamiento de ejecución o venta en pública subasta de los bienes hipotecados, habiendo la corte dictado la orden solicitada; que dicha orden fué cumplida, después de haberse publicado los edictos correspondientes, y vendida la finca hipotecada en pública subasta

celebrada el 4 de agosto de 1926 al mejor postor que lo fué el demandante Práxedes Santiago Alonso por la suma de $1,250, a quien se le adjudicó la finca; que todas las cesiones de dicho crédito hipotecario fueron debidamente notificadas a los deudores hipotecarios; que a fin de que el demandante pueda hacerse de título fehaciente de su derecho el márshal procede a vender y traspasar a favor de don Práxedes Santiago Alonso la finca rústica que se describe en la escritura por la suma de $1,250. :

Presentada dicha escritura en el Registro de la Propiedad de Caguas el 14 de diciembre de 1948 para su inscripción, la misma fué denegada el 27 de diciembre de 1948 y notificado el presentante en 7 de junio de 1950, [1] haciendo constar el registrador en su nota lo siguiente:

"Denegada la inscripción del precedente documento, y tomada en su lugar anotación preventiva por el término legal de 120 días a favor del comprador Práxedes Santiago Alonso, al folio 62v del tomo 26 de Cidra, finca número 579 duplicado anotación letra 'C', por resultar del Registro que la finca objeto de la venta figura inscrita a favor de la sociedad de gananciales de don Segundo Pedraza y su esposa Paula Josefa Delgado; que el procedimiento ejecutivo hipotecario se siguió contra el viudo don Segundo Pedraza y la Sucesión de Paula Josefa Delgado, compuesta, según se expresa en la escritura de sus hijos legítimos nombrados Eusebio, Eugenia, Marcelina, María, Valeriana, Anastacia y Juan Isabel Pedraza y Delgado, y sus nietos legítimos nombrados Félix, Domingo, América, Eligio y Juana María Pedraza y Fonseca, éstos menores de edad y bajo la patria potestad de su señora madre doña Julia Fonseca. Que con fecha 29 de mayo de 1926 la Corte de Distrito de Guayama ordenó el requerimiento de los deudores para el pago de las sumas reclamadas por el demandante, dentro del término de treinta días, haciéndose constar en la orden que debían requerirse los deudores que se hallaren al frente de la finca o residieren en Cidra y en defecto de éstos a persona que se hallare al frente de la finca hipotecada en cualquier con-

[1] No constan los motivos que pudieron dar lugar a que la nota denegatoria del 27 de diciembre de 1948 no fuera notificada al presentante del documento hasta el 7 de junio de 1950.

cepto legal. Que en cumplimiento de lo ordenado el Márshal de la expresada Corte, en el Barrio Bayamón de Cidra y con fecha 2 de junio de 1926 requirió de pago personalmente a Segundo Pedraza y a Juan Isabel, Anastacia, Valeriana y María Pedraza, siendo éstos los que estaban frente a la finca hipotecada. Que en el supuesto que las personas nombradas sean los únicos y universales herederos de la cónyuge fallecida, el requerimiento de pago fué hecho personalmente a Segundo Pedraza, Juan Isabel, Anastacia, Valeriana y María Pedraza sin que aparezca que tal requerimiento se haya hecho a los demás herederos nietos legítimos de la causante Paula Josefa Delgado, ya nombrados, la Corte no adquirió jurisdicción sobre dichos menores quienes no constan que hayan sido notificados de acuerdo con la ley del requerimiento, para ordenar la venta en pública subasta del inmueble. Y considerando además que al requerirse de pago a los mayores, no se les apercibió por el Márshal de que a falta de pago de las sumas reclamadas, se vendería en pública subasta dicha finca; y considerando que tales actuaciones violan de nulidad el procedimiento seguido contra la sucesión de la causante."

Para revisar esta nota interpuso Práxedes Santiago Alonso el presente recurso y el único argumento que hace, en último análisis de su petición, es que las sentencias dictadas por las cortes se presumen correctas, habiéndose cumplido por el Márshal con la orden de requerimiento dictada en el ejecutivo hipotecario requiriendo de pago a los deudores que se hallaban al frente de la finca que fué lo que ordenó la corte y que si no se requirió personalmente a los demás deudores lo fué porque no residían en el lugar donde radica la finca y se ignoraba su domicilio.

Es cierto que una sentencia se presume correcta, empero lo que no aparece de la escritura de compraventa—y éste es el único documento que se transcribe en la petición—es que el Márshal hiciera constar que los demás deudores a quienes se le ordenaba requerir no residían en Cidra y que desconocía su domicilio, según requiere el artículo 128 de la Ley Hipotecaria cuando dispone, en lo pertinente, que "Se requerirá al deudor de pago si residiere en el lugar en que radica la finca y se supiere su domicilio; bastará en otro caso que se

requiera al que se halle al frente de la finca en cualquier concepto legal, a fin de que ponga en conocimiento del dueño la reclamación."

Además, tiene razón el registrador al sostener que no procedía la inscripción de esta escritura. Así lo hemos resuelto en un caso similar, el de *Santos v. Registrador*, 60 D.P.R. 135, interpretando tanto el artículo 128, supra, como el artículo 171 del Reglamento de la Ley Hipotecaria, y en el cual ratificamos el de *Arvelo et al v. Banco Ter. y Agrícola de Puerto Rico*, 25 D.P.R. 728, al efecto de que, citando del sumario 2, "En tanto en cuanto autorizan el requerimiento de pago en la persona que se halla al frente de la finca en cualquier concepto legal, los artículos 128 de la Ley Hipotecaria y 171 de su Reglamento no se refieren a casos en que el deudor ha fallecido sino a aquéllos en que ese deudor no reside en el término municipal en que la finca hipotecada radica." Y en el de *Arvelo*, supra, resolvimos, también citando del sumario, que "A falta de requerimiento de pago a los miembros de una sucesión en procedimiento sobre ejecución de hipoteca, no es legal el hecho a la viuda del deudor por hallarse al frente de la finca hipotecada cuando el requerimiento no se ha hecho a ella ya como apoderada de hijos mayores de edad o como representante de menores."

En el caso de autos es aún más clara la nulidad del requerimiento de pago, ya que no se cumplimentó el mismo con aquellos miembros de la sucesión de doña Paula Josefa Delgado compuesta de sus cinco nietos menores de edad, de apellidos Pedraza y Fonseca, demandados bajo la representación de su madre Julia Fonseca.

En cuanto al segundo fundamento de la nota del registrador, nada dice el recurrente, pero también debe sostenerse pues de la escritura de compraventa no aparece que en el requerimiento de pago hecho por el Márshal se hiciera a los deudores el apercibimiento de que se vendería en pública subasta la finca hipotecada, según lo requiere el artículo 170 del Reglamento Hipotecario. Hemos resuelto que la

falta de tal apercibimiento en el requerimiento hace nula y no inscribible una escritura de venta judicial. *Ojeda* v. *Registrador,* 39 D.P.R. 239.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Sr. Snyder no intervino.